## WALTHELM v. ARTZ.

1. **Practice on Appeal:** EVIDENCE TO SUPPORT VERDICT. This court will not disturb a verdict which is based on conflicting evidence.

2. **Evidence:** IMPROPER CROSS-EXAMINATION OF PLAINTIFF. A plaintiff cannot be asked on cross-examination who told him to bring the suit, and whether he told his attorneys how much defendant owed him when the suit was brought.

3. **Instructions:** CURED BY VERDICT. Where it appears that a jury has done what the appellant claims the court should have instructed them to do, he cannot complain that the court failed to so instruct them.

4. **Contract:** EVIDENCE TO PROVE: QUESTION FOR JURY. Whether certain evidence proved a contract between the parties, as claimed, was a question for the jury, and the court properly refused to instruct as to the effect of the evidence.

*Appeal from Carroll Circuit Court.*

THURSDAY, MARCH 3.

ACTION upon an account. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*E. M. Betzer,* for appellant.

*Beach & Hoyt,* for appellee.

BECK, J.—I. The plaintiff seeks, in an amended and substituted petition, to recover for shelling 50,500 bushels of corn, at one and a half cents per bushel. The defendant admits in his answer that plaintiff shelled 32,000 bushels at the price named, but alleges that the parties had a settlement for the shelling of the corn, and of all the accounts between them, and there was found due defendant, $94, but no counter-claim is pleaded, or judgment for any sum demanded, by defendant. The jury found for plaintiff in the sum of $122.50.

II. Upon the issues involving the number of bushels of corn shelled by plaintiff, and the settlement pleaded by defendant, the evidence is conflicting, and, much of it is, to some extent, uncertain, especially as to the quantity of corn shelled by plaintiff. It may be that upon both of these issues the preponderance of the evidence is for defendant, but it cannot be said that there is such an.absence of proof in support of the verdict as to warrant the presumption that it was not found in the honest and intelligent exercise of the discretion of the jury. We cannot, therefore, disturb the judgment on the ground of the absence of sufficient evidence to support the verdict.

*1. PRACTICE on appeal: evidence to support verdict.*

III. The defendant insists that the evidence shows that plaintiff was paid for the work which is the foundation of the action. On this point there is a like conflict of evidence. The verdict was therefore rightly permitted to stand by the court below.

*THE SAME.*

IV. The plaintiff, upon the cross-examination, was asked: "Who told you to bring this suit against him, [defendant]?" and, "Did you tell Mr. Beach or Mr. Hoyt, [plaintiff's attorneys] or either of them, how much Mr. Artz owed you when you brought this suit?" Objections to each question were rightly sustained. It is utterly immaterial under whose advice or direction the suit was brought, and surely a communication of facts made to plaintiff's counsel could not be introduced in evidence. Defendant's complaint based upon these rulings demands no further attention.

*2. EVIDENCE: improper cross-examination of plaintiff.*

V. Counsel for defendant insist that an instruction given to the jury is erroneous for the reason that it does not direct the jury to deduct from the amount found due plaintiff for shelling the corn payments made by defendant. It is obvious that the jury understood that they should do this, for the reason that they did in fact make deductions from the amount due for shelling the corn, as admitted in defendant's answer, which must have been on

*3. INSTRUC-TIONS: cured by verdict.*

account of the payments made by defendant. It thus appears that payments were allowed by the jury.

VI. There was evidence introduced by defendant tending to show that the parties agreed to estimate the amount due for shelling upon the weight of the corn when delivered in Chicago. The defendant complains of an instruction on the ground that it should have directed that this evidence showed a contract between the parties. The existence of the contract was a question of fact for the jury. If the evidence in question had been believed by the jury, they would have found the contract without a doubt. The court did not err in failing to refer to the effect of the evidence in the instruction.

*4. CONTRACT: evidence to prove: question for jury.*

VII. The court directed the jury as to the facts which would authorize them to find a settlement, which was pleaded by defendant, and then adds to the instruction these words; "And if you find such settlement was made, and there was found a balance due the defendant, your verdict must be for defendant." Counsel insist that this is erroneous, for the reason that it required the jury to find an indebtedness from plaintiff to defendant, when he was entitled to a verdict if they found he owed plaintiff nothing. The court doubtless was led to give the instruction by the answer of defendant, which alleges that there was a balance due defendant in that settlement. But the instruction, if erroneous, could not possibly have wrought prejudice to defendant. The jury must have found that there was no settlement, and they further found that defendant was indebted to plaintiff. They therefore found that defendant did owe plaintiff and they could not have found that defendant owed plaintiff nothing. They therefore found the very facts they would have found under the instruction, if it had been modified as counsel insist it should have been. The judgment cannot, therefore, be disturbed, if it be assumed that the instruction should have been in the form insisted upon by defendant's counsel.

*SAME AS NO. 3, ante.*

We have considered all questions discussed by counsel, and reach the conclusion that the judgment of the circuit court ought to be

AFFIRMED.