BRITISH AMERICAN ASSURANCE COMPANY v. NEIL *et al.*

1. **Sureties:** ON INSURANCE AGENT'S BOND: FOR WHAT LIABLE. Where an insurance agent gave a bond with sureties, in the midst of a month, for the payment to the company of the premiums collected by him, and it was the custom to give customers credit until the first of the next month to pay the premiums for policies issued during the month, *held* that the sureties were properly chargeable with all the premiums for policies issued during the month in which the bond was given, even though issued before the execution of the bond.

2. **Appeal:** IRRELEVANT BUT HARMLESS FINDINGS. Findings of fact, in a cause tried to the court, which are not relevant to any issue in the case, but which yet work no prejudice, are no ground for reversal.

3. **Sureties:** ON INSURANCE AGENT'S BOND: FOR WHAT LIABLE. An insurance agent accepted a county warrant for premium on a policy, but the company refused to accept it of him, but did not cancel the policy. Afterwards the agent pledged the warrant, but the company redeemed it and credited the agent with the difference between the amount paid in redemption and the value of the warrant. *Held* that the sureties on the agent's bond were properly charged with the amount paid for its redemption.

4. **Appeal:** FINDINGS OF COURT: EVIDENCE TO SUSTAIN. The findings of a court in a law case have the effect of a verdict, and will not be set aside for want of evidence to support them unless they are so against the proof as to raise a presumption of passion or prejudice.

5. **Appeal:** OBJECTIONS NOT RAISED BELOW. An appellant who has taken no exception in the court below to any ruling there made cannot be heard to object in this court.

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

FILED, JANUARY 24, 1889.

ACTION upon a bond given by defendant Neil and his sureties, the other defendants, to secure the proper performance of his duties and obligations as an agent of

plaintiff, and the payment of all sums of money received by him for plaintiff. One of the points of contention was as to the liability of the sureties on account of a county warrant for seventy-five dollars, taken by the agent for a premium, which the company refused to accept, and which the agent pledged for a loan of fifty dollars to himself. Afterwards, on the termination of the agency, the company redeemed the warrant, collected it, and credited the agent with twenty-five dollars. The cause was tried without a jury, and upon findings of facts and law a judgment was rendered for plaintiff. Defendants appeal.

*J. M. Parker*, for appellants.

*W. W. Miller*, for appellee.

BECK, J.—1. The facts as found by the district court are these: The defendant Niel, having for several years been agent for plaintiff, with the other defendants executed the bond in suit to secure the correct discharge of his duties as agent. Prior to the execution of the bond Neil had given plaintiff another bond for the same purpose as the present bond. Prior to the execution of the bond in suit, Neil had issued policies, collecting a part of the premiums, and a part remaining unpaid. It was in accord with the custom of the business to give customers credit until the first of the month following the issuance of their policies. Neil continued business after the bond was given, and received moneys, for which he failed to account, though remitting for a part of the business. The district court held that the plaintiff could not apply remittances, made by Neil for business done before the first day of the month in which the bond was executed, to arrearages for business done before that date, except that money collected after that date on account of business of the preceding month should be applied to such arrearages; that is, the sureties are only bound to make good Neil's default as to liabilities and defaults for and on account of business beginning with

*1. SURETIES: on insurance agent's bond: for what liable.*

Brit. Amer. Assurance Co. v. Neil.

the first of the month in which the bond was executed; they cannot be held for past defaults and arrearages. In our opinion these rules of law are correct. The defendants ought to be charged with the business for the whole of the month in which the bond was given, for the reason that under the customs of the business the money was not due therefor until the first day of the next month. The business was really of the month succeeding the month in which the bond was executed. It was then completed, and the money was due therefor.

II. The first and second findings of facts are complained of as being immaterial and irrelevant, and not predicated upon any issue in the case. The findings relate to the agent's employment by plaintiff, and the time he was so employed, and the fact that he had before given a bond which remained in force till about the time the bond in suit was given. If it be admitted that these facts are not presented by any issue in the case, they are matters which seem to show the relations of the parties, and the beginning of the liability of the sureties. No possible prejudice could have resulted to defendants from these findings.

*2. APPEAL: irrelevant but harmless findings.*

III. As we understand counsel's argument, other objections are directed against the findings of the court on the ground that they are not sufficiently supported by the evidence. We do not understand counsel to maintain that, if the findings of facts be correct, as a matter of law all the conclusions as to defendants' liability are erroneous. It may be that counsel can be understood to maintain that as a matter of law defendants cannot be held liable on account of a county warrant which he took for a premium, and plaintiff refused at first to accept it. But after the agent got into trouble and had pledged the warrant, the plaintiff received it, and credited the agent with the balance realized on it. Plaintiff did not cancel the policy upon which the county warrant was paid as premium. It could surely change its determination not to accept it. The business pertained to

*3. SURETIES: on insurance agent's bond: for what liable.*

the time for which defendants are liable. We see no prejudice resulting to defendants by the plaintiff's finally accepting the county warrant. Indeed, they were benefited by the act. The plaintiff could have declined to accept the warrant. The agent was bound to pay it money, and could not pay in choses in action or other property. If plaintiff had not accepted the warrant, the defendants would have been liable for the balance realized on it.

IV. Counsel complain that the findings of facts by the court are not supported by the evidence. These

4. APPEAL : findings of court: evidence to sustain,

findings have the force and effect of a verdict. and will not be set aside unless they are so against the proof as to raise a presumption of passion or prejudice. We think it cannot be said that the findings are not sufficiently supported by the evidence. Indeed, we think they are in accord with the preponderance of the proof.

V. It appears that plaintiff appealed. This is not shown by the abstract, but, as counsel on both sides

5. APPEAL: objections not raised below.

admit it, we are probably justified in regarding it as a fact. But as we find no exceptions by the plaintiff to any ruling or finding of the court below, it cannot urge objections in this court. Plaintiff ought to have taken some steps to call the attention of the court below to the rulings to which objections are made, to the end that the alleged errors could have been reviewed, and, if found, corrected in the court below. But nothing of that kind was done. We cannot, therefore, review the case on plaintiff's appeal. The judgment is on both appeals

AFFIRMED.