GRAHLMAN v. THE CHICAGO, ST. PAUL AND KANSAS CITY RAILWAY COMPANY.

1. **Railroads:** INJURY TO STOCK: CATTLE-GUARD FILLED WITH SNOW: DUTY OF COMPANY. In an action for the value of a horse which went upon defendant's track over a cattle-guard filled with snow, and was killed, the trial court instructed, in substance, that the law did not require defendant to keep its cattle-guards free from snow, regardless of circumstances, but did require it to use ordinary care and diligence to do so; that it was not required to excavate the snow from the cattle-guard unless it had notice that it was filled, or might have had notice by the use of ordinary care in looking after its road, and that it would have a reasonable time, after notice, to do so; also, that the law did not require defendant's servants to subject themselves to extreme expense in excavating the snow. *Held* correct, and that an instruction to the effect that defendant was charged with no care to keep the cattle-guard free from snow was properly refused. (*Patten v. Railway Co.*, 75 Iowa, 459, *distinguished*.)

2. ——— : ——— : ——— : EVIDENCE. In such case there was no error, at least no prejudicial error, in permitting plaintiff to prove that during the winter, and after the accident, the cattle-guards were filled with snow, where it was also shown that defendant made no effort to remove the snow.

3. The Same. In such case questions asked a witness as to the time usually required to fill a cattle-guard with snow were properly excluded as calling for an opinion rather than for facts.

*Appeal from Chickasaw District Court.*—HON. L. O. HATCH, Judge.

FILED, OCTOBER 19, 1889.

ACTION to recover the value of a certain horse killed while upon defendant's railroad track, by a train operated thereon. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*J. R. Bain,* for appellant.

*J. W. Sandusky,* for appellee.

BECK, J.—I. The evidence tends to support the allegations of the petition to the effect that the horses of plaintiff killed by the railroad train went upon the track over a cattle-guard, which was filled with snow so packed as to enable the horses to cross the cattle-guard and reach the track. It is alleged that the snow, through negligence of defendant, was permitted to accumulate in and upon the cattle-guard.

II. The defendant asked instructions to the effect that defendant was not required to exercise any care or diligence to keep its cattle-guards free from snow; and that, if the horses of plaintiff were enabled to enter the railroad track of defendant by reason of snow in the cattle-guard, it is not liable in this action. These instructions were refused, and an instruction in the following language was given: "If you find that the cattle-guard was packed full of snow, you will carefully inquire whether this condition was the fault of the

1. RAILROADS: injury to stock: cattle-guard filled with snow: duty of company.

defendant. The law did not require the defendant to keep its cattle-guards free from snow, regardless of circumstances, but did require the defendant to use ordinary care and diligence to do so. If such care was used, the defendant did its whole duty; otherwise not. The defendant was not required to excavate the snow from the cattle-guard unless it had notice that it was filled, or unless it might have had such notice by the use of ordinary care in looking after its road; and after such notice the law would give the defendant a reasonable time and opportunity to make the proper excavation before it would hold the defendant liable for the omission. Nor would the law require the defendant's servants to expose themselves to extreme cold, or hard storms (in which the ordinary man would not regard it safe to work), in order to remove snow from a cattle-guard."

III. It will be observed that the instruction given requires the defendant to use ordinary care and diligence to keep the cattle-guards free from snow. Surely defendant, in the operation and management of its road, can omit nothing, which may be accomplished by the exercise of ordinary care and diligence, that will protect property in any way exposed to dangers in the operations of its trains. If the snow could have been removed from the cattle-guards, or its accumulation there could have been prevented by the exercise of ordinary care and diligence, it cannot be claimed that it was not defendant's duty to remove the snow, or prevent its accumulation. Indeed we cannot imagine a thing can be done, in the exercise of ordinary care and diligence, that removes or prevents dangers arising from the operation of defendant's railroad, which it is not its duty to do. We think this proposition no one will attempt to deny. The same rule is applicable alike to the transactions of individuals and corporations, and lies at the very base of the doctrines of the law, which hold the negligent liable for the consequences of their negligent acts. If the exercise of care may be omitted when it would prevent injury to another, there can be no

liability for negligence. These conclusions are not in conflict with *Patten v. Railway Co.*, 75 Iowa, 459. That case holds that a railroad company was not liable absolutely for failure to build its fences higher than the snow, and failure to remove snow drifts. No question of the obligation of the company to exercise ordinary care and diligence is in that case. We rightly held that the company was not liable on account of snow drifts, which enabled livestock to cross its fences. We did not hold, for the question was not in the case, that it was not the duty of the company to exercise ordinary care and diligence to prevent or remove the snow drifts. *Blais v. Railway Co.*, 34 Minn. 57; 24 N. W. Rep. 558, cited by defendant's counsel, is directly in accord with the views we have expressed.

IV. The plaintiff was permitted to prove that, during the winter, and after the accident, the cattle-guards were filled with snow. The admission of this evidence is now made the ground of complaint. In connection with the evidence, it was shown that defendant made no attempt to remove the snow. These facts together tended to show a failure to exercise any diligence or degree of care, and were competent for that purpose. But, should it be assumed that the evidence is not pertinent or competent, we fail to discover any prejudice resulting to defendant from its admission.

2. ——: ——: ——: evi-dence.

V. Questions were asked a witness as to the time usually required to fill a cattle-guard with snow. The question sought to elicit opinions rather than facts, and, for that reason, the court correctly refused to permit answers thereto.

3. The same.

VI. We think the verdict does not so lack support of the evidence as to require us to interfere. The judgment of the district court is            AFFIRMED.