ROBINSON v. THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY.

Railroads: DUTY TO KEEP CATTLE-GUARDS FREE FROM SNOW AND ICE. A railroad company is required to use ordinary diligence to keep its cattle-guards free from snow and ice, after it has had notice, or could have acquired notice in the exercise of ordinary care, that they are obstructed thereby. (*Grahlman v. Railway Co.*, 78 Iowa, 564, *followed.*)

*Appeal from Jasper District Court.*—HON. W. R. LEWIS, Judge.

FILED, FEBRUARY 8, 1890.

ACTION to recover the value of a horse killed by an engine operated upon defendant's road, through the negligence of defendant in permitting a cattle-guard to be filled with snow and ice, which enabled the horse to go upon the railroad track, where it was killed. The cause was tried to a jury, and a verdict was rendered for defendant under an instruction requiring such a finding. Plaintiff appeals.

*E. J. Salmon* and *A. Clark*, for appellant.

*Thos. S. Wright* and *Winslow & Varnum*, for appellee.

BECK, J.—I. The facts upon which the questions of law involved in this case arise are not disputed. The plaintiff's horse went on defendant's railroad track,

whereon it was killed, over a cattle-guard which was filled with snow and ice, enabling the animal to cross it. The abstract shows offers to introduce evidence, in the following language: "Plaintiff offered to prove that the guard upon defendant's road, at which the accident is claimed to have happened, was filled from Saturday with snow and ice; that on Saturday it became hard and full to the top of the ties on which are fastened the rails of the road, and remained in that condition Saturday night, Sunday, Monday, Tuesday and Wednesday, and upon Wednesday night, in the night-time, or early in the morning of Thursday, the horse belonging to plaintiff, and for which action is brought, crossed such guard, and without fault or negligence upon the part of plaintiff, on the snow and ice thus allowed in the cattle-guard, rendering such guard of no use or utility as a barrier to in any way prevent or retard the passage of stock over the same; that the fact of said guard being completely filled with snow and ice was known by the section foreman in the employ of defendant, upon the days of Sunday, Monday, Tuesday and Wednesday preceding the injury, and that no effort or attempt of the railway company was made to remove the snow and ice accumulated therein; that said snow and ice in said guard on the days of Sunday, Monday, Tuesday and Wednesday was sufficiently hard to enable stock to pass upon and over the same without obstruction." The plaintiff further offered to prove, by a section foreman and a section agent, that the rules of the company, at the time, required the section foreman to keep the cattle-guards free from snow and ice, and that it was his duty to so keep them. All this evidence, upon objections of defendant, based upon the ground that it was irrelevant and incompetent, was rejected. Plaintiff introduced evidence tending to prove that the horse was killed without the fault of plaintiff, upon the track of defendant's railroad upon which it went over the cattle-guard, which at the time was filled with ice and snow. The plaintiff announced that he based

Des Moines Sav. Bank v. The Colfax Hotel Co.

his claim to recover upon the negligence of defendant in failing to keep the cattle-guard free from snow and ice, and in failing to attempt to do so; that he claimed defendant was negligent in no other regard. The plaintiff having rested his case, the district court directed the jury to return a verdict for defendant.

II. The ruling of the court below is to the effect that defendant is not required to keep its cattle-guards free from snow and ice, and therefore is not required to make any effort to do so, and that a failure in this regard is not negligence. But this court has recently held that a railroad company is required to use ordinary care and diligence to keep the cattle-guards on its track free from snow and ice, after it has notice, or could have acquired notice, in the exercise of ordinary care, that they were obstructed thereby. The company, after such notice, has a reasonable time and opportunity to remove the snow and ice from the cattle-guards. *Grahlman v. Railway Co.*, 78 Iowa, 564. Following the decision in that case, the judgment of the district court is          REVERSED.