GIGER v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

1. **Appeal:** LESS THAN $100 : REDUCTION BY DISCLAIMER AFTER VERDICT. Where plaintiff, after verdict for more than one hundred dollars, filed an amendment to his petition withdrawing all claim for damages in excess of $99.99, *held* that, under section 3173 of the Code, there could be no appeal to this court without the certificate of the trial judge that the cause involved a question on which it was desirable to have the opinion of this court. (See opinion for cases followed.)

2. **Railroads:** CATTLE-GUARDS FILLED WITH SNOW : LIABILITY. If a railway company negligently permits its cattle-guards at a highway crossing to become and remain full of snow, it is liable, as for a failure to maintain a good and sufficient cattle-guard, under section 1288 of the Code, for damages by reason thereof. (See opinion for cases followed.)

3. ———: COLT KILLED IN CATTLE-GUARD: PROXIMATE CAUSE: QUESTION FOR JURY. In an action for the value of a colt killed by a passing train in a cattle-guard which was filled with snow, *held* that the question whether the condition of the cattle-guard in that respect was the proximate cause of the injury was, under the evidence, properly submitted to the jury.

*Appeal from Tama District Court.*—HON. GEO. M. GILCHRIST, Judge.

FILED, JUNE 4, 1890.

ACTION to recover the value of a colt which it is alleged was killed by one of defendant's trains, by reason of the alleged negligence of defendant in permitting a cattle-guard on its line of railway to become and remain full of snow, so that said colt became entangled in said cattle-guard, and broke its leg, and was run over and killed by an engine and train of cars. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*Hubbard & Dawley*, for appellant.

*Stivers & Strong*, for appellee.

ROTHROCK, C. J.—I. The amount claimed in the petition was ninety dollars and interest. The verdict for the plaintiff was $101.10. After verdict the plaintiff filed an amendment to his petition, in which he withdrew all claims for damages in excess of $99.99. The defendant moved to strike the amendment from the files upon the ground, among others, that the same was made solely to prevent the defendant from appealing the cause to this court, and is in hindrance of justice. The motion to strike was overruled, and a motion for new trial was overruled, and judgment was entered for the plaintiff for $99.99 and costs. Counsel for defendant contends that the plaintiff could not, by an amendment after verdict, prevent an appeal without a certificate of

1. APPEAL: less than $100: reduction by disclaimer after verdict.

the trial judge as provided by section 3173 of the Code. This precise question was determined by this court in *Wilson v. Insurance Co.*, 74 Iowa, 212. It was there held that where an amendment was made to the petition after verdict, so as to reduce the amount claimed to less than one hundred dollars, this court had no jurisdiction of the appeal without a certificate of the trial judge. The principle involved in *Bateman v. Sisson*, 70 Iowa, 518, and *Milner v. Gross*, 66 Iowa, 252, is to the same effect. Following the cases cited, we are of the opinion that the appeal can only be entertained upon the certificate of the trial judge.

II. The trial judge made a certificate in which he specifies some five questions upon which it is desirable
2. RAILROADS: cattle-guards filled with snow: liability.
to have the opinion of this court. Four of these questions embrace really but one question of law, and may be considered together. The question is fairly stated as follows: "If a corporation operating a railway negligently permits its cattle-guard at a highway crossing to become and remain full of snow, is it liable, as for a failure to maintain a good and sufficient cattle-guard, under section 1288 of the Code, for damages by reason thereof?" This question should be answered in the affirmative. See *Grahlman v. Railway Co.*, 78 Iowa, 564, and *Robinson v. Railway Co.*, 79 Iowa, 495. We are content to follow those cases without further discussion or comment.

III. The fifth question certified is a recitation of the evidence as to how or why the colt got into the
3. ——: colt killed in cattle-guard: proximate cause: question for jury.
cattle-guard, and we are asked to determine whether the court erred in refusing to hold, as a matter of law, that there was no evidence that the failure to remove the snow from the cattle-guard was the proximate cause of the damage sued for. This evidence embraces a large number of facts, such as that the colt was playing with other colts near the cattle-guard a short time before the accident, the tracks made by the colt, its position in the

cattle-guard when found, and other facts. It is contended by counsel for appellant that the evidence did not show that the colt went on the cattle-guard because it was full of snow, but because the animals were playing in the neighborhood, and the plaintiff's colt fell into the guard, and that it would have fallen just as it did if there had been no snow in the guard. We agree with the learned judge of the district court that this was a question for the jury to determine, and that it cannot be said, as matter of law, that the colt was not killed by reason of the snow in the cattle-guard. The judgment of the district court is                    AFFIRMED.