GEORGE W. SHARP v. JOHN NELSON, Appellant.

**Practice on Appeal.** An amendment to petition reducing the amount
claimed below one hundred dollars will not defeat appeal if made
after verdict and the adjournment of the term.

*Appeal from Van Buren District Court.*—HON. H. C.
TRAVERSE, Judge.

THURSDAY, JANUARY 24, 1895.

Action upon a bill of exchange.   Trial by jury.   At
the close of the introduction of the evidence, the court,
on motion of the plaintiff, instructed the jury to return
a verdict against the defendant.   From a judgment on
the verdict the defendant appeals.—*Reversed.*

*Wherry & Walker* for appellant.

*Sloan & Sloan* for appellee.

Rothrock, J.—I.   We will first dispose of a motion
of appellee to dismiss the appeal.   The instrument
upon which the suit is founded is for one hundred dol-
lars with interest at eight per cent. per annum from
December 9, 1889, and judgment for that amount was
demanded in the petition.   The plaintiff is an indorsee
of the bill of exchange, and he paid ninety dollars there-
for.   The court instructed the jury to find a verdict for
ninety dollars, with interest from the time of the pur-
chase until the trial.   By adopting that theory of the
case, a verdict was returned for ninety-nine dollars
and eighty-five cents; so that, while the amount
demanded was more than one hundred dollars, the ver-
dict was for less than that sum.   Judgment was entered

on the verdict on the twelfth day of October, 1891, and the final adjournment of that term of court occurred on the fifteenth day of the same month. On the twenty-fourth day of October the plaintiff filed in the office of the clerk of the District Court what purported to be an amendment to the petition. It was in these words: "Comes now the plaintiff in the above entitled case, and amends his petition filed therein by withdrawing from the same all claim for damages against the defendant in excess of the sum of $99.85 and costs of suit, that being the amount given him by the verdict of the jury, and for which judgment has been rendered by the court. He withdraws all claims for damages in excess of said amount. Sloan & Brown." The defendant had not taken this appeal when this amendment was filed with the clerk. The motion to dismiss the appeal is on the ground that this amount in controversy, as shown by the pleadings, does not exceed one hundred dollars, and the trial judge did not certify that the cause involves the determination of questions of law upon which it is desirable to have the opinion of this court, as provided by section 4402 of McClain's Code. It will be seen by the statement we have made that more than one hundred dollars was in controversy, as shown by the pleadings, until after the adjournment of the term of court. And until the paper was filed after the adjournment of the term, defendant's right to appeal was absolute. The amount which determines the right to appeal is fixed by the pleadings, and not by the verdict. The right to amend the petition after verdict so that by the amendment the amount in controversy is less than one hundred dollars has been sustained by this court. In *Wilson v. Insurance Co.*, 74 Iowa, 212, 37 N. W. Rep. 162, the amendment was filed on the same day that the motion for a new trial was overruled, and before judgment on the verdict. And in *Giger v. Railroad Co.*, 80 Iowa, 492,

45 N. W. Rep. 906, the amendment was made after ver-dict.  A motion was presented to strike the amend-ment from the files upon the ground that the same was made solely to prevent the defendant from taking an appeal.  The motion to strike was overruled, and judg-ment was entered, and thereupon the trial judge made a certificate, and the cause was presented to this court upon the questions certified.  This court has not at any time held that such an amendment may be made after the term. It is urged that the case of *Bateman v. Sisson,* 70 Iowa, 518, 30 N. W. Rep. 870, sustains the claim that the amendment disposed of the right to appeal without a certificate.  That was an action before a jus-tice of the peace appealed to the Circuit Court.  The amount claimed was one hundred dollars, and judg-ment was rendered by the justice of the peace for twenty dollars.  After judgment, and before the appeal to the Circuit Court, the plaintiff withdrew his claim for one hundred dollars, and demanded only the sum of twenty dollars.  The Circuit Court dismissed the appeal, because it was not authorized by the statute (Code, section 3575), the amount in controversy being less than twenty-five dollars.  This court sustained the ruling of the Circuit Court.  It appears to us that the cited case is not applicable to the question under con-sideration.  Section 3575 of the Code provides that no appeal shall be allowed in any case from a justice of the peace "where the amount in controversy does not exceed twenty-five dollars."  There is no provision for an appeal upon a certificate.  It has many times been determined by this court that if an appeal is desired where the amount in controversy does not exceed one hundred dollars, the certificate authorizing the appeal must be made at the time of the trial, and before the adjournment of the term of court at which the judg-ment is rendered.  See *Angus v. Shannon,* 60 Iowa, 311,

14 N. W. Rep. 315, and other cases cited in McClain's Digest. If the certificate is not thus made and signed, no appeal is recognized by this court. It appears very plain to us that if it is desired by the successful party to prevent an appeal except upon a certificate of the trial judge, the amendment reducing the amount in controversy should be made while the trial judge has authority to make the certificate authorizing the appeal.

II. We come now to consider the case on its merits. As has been said, the action is upon a bill of exchange. The instrument is in the exact form of that upon which the case of *Culbertson v. Nelson*, 93 Iowa, 187, 61 N. W. Rep. 854, was founded. They were written on the same blank form and the one is precisely like the other, except as to the amount, time of payment, and place of payment. They are of the same date, and they both arose out of the same transaction. The evidence in the two cases is substantially alike, and there is no doubt that the acceptance of the defendant was procured by fraud and without consideration, and that it is void, as between the original parties thereto. The same question as to whether the instruments are negotiable is presented in both cases. That question is fully discussed and determined in the other appeal, and, following it, the judgment in this case is *reversed*.