## RINER v. NEW HAMPSHIRE FIRE IN-SURANCE COMPANY.

PRINCIPAL AND SURETY — EXTENSION of TIME — BONDS — IN-SURANCE — AGENT'S BOND — PLEADING — EVIDENCE — DIRECTION OF VERDICT.

1.  In a suit upon the bond of an agent of an insurance company given to the company to secure the faithful performance of duty as such agent, and the payment over of money received for the company; where the breach claimed is the failure to pay over money, it is necessary to allege and prove that the agent received money for the company; for which the surety was liable, and had failed to pay over the same, and a general denial puts in issue the allegation and fact of failure of payment without a special plea of payment.

2.  When the fact of non-payment is alleged in the petition as a necessary and material fact to constitute a cause of action, the general rule that a general denial does not raise the issue of payment does not apply.

3.  A settlement by an insurance company with its agent for moneys received up to a certain time by taking the agent's note payable in the future, releases the surety upon the agent's bond for the period covered by the settlement, the surety not being a party to the settlement nor consenting to the extension of time.

4.  Where the surety upon the bond of an insurance agent is released as to moneys received up to a certain time, by reason of the. company taking the agent's note therefor payable in the future; money of the company received after that time by the agent, if remitted to the company, should, as against the surety, be applied upon the current business for which the money was received, and not upon and in satisfaction of the note taken in settlement for previous business.

6

5. There being some testimony upon the question as to whether the money paid to the company by the agent after the giving of the note was his receipts in the company's business, and such money having been applied upon the note by agreement between the agent and the company, the question whether the money so paid was money received by the agent in the current business, should be submitted to the jury; and a direction for a verdict in favor of the company in a suit upon the bond against the surety, held to be error.

6. In such suit, the deposition of the agent, taken by the surety, showing that the note upon which the money was applied was given for previous business, and that the company receipted to him therefor upon the giving of said note, was admissible, and it was error for the court to exclne the same.

[Decided March 6, 1900.]

Error to the District Court, Laramie County, Hon. Charles W. Bramel, Judge of the Second District, presiding.

This was an action brought by the New Hampshire Insurance Company upon the bond of its agent to recover money alleged to have been received by the agent and not paid over. The surety, Charles W. Riner, was the defendant. The case was tried to a jury, but the court directed a verdict for the plaintiff. The defendant prosecuted error. The facts are stated in the opinion.

*Frank H. Clark*, for plaintiff in error.

The agent paid over more money during the period for which suit is brought than he received. Yet the court took the case from the jury, and directed a verdict for the company. We contend that was error. The surety is entitled to credit for the money paid during that period and by the company applied upon a previous note of the agent. The money should have been applied upon the current business as against the surety. An issue of fact must be submitted to the jury where there is a conflict of testimony. We contend that the court invaded the prov-

ince of the jury. (Thomp. Tr., 1037; id., 1038, 1036; Horner v. R. R. Co., 70 Mo., App., 285; Proffer v. Miller, 69 Mo. App., 501; R. R. Co. v. Mc Clendon, 42 S. W., 283; Keystone Iron Works v. Wilkie, 6 Kan. App., 654; R. R. Co. v. Parker, 112 Ala., 479; Hasbrouck v. Dickinson, 89 Hun., 607; Gay v. Tielkemeyer, 64 Mo. App., 112; Hangen v. Ry. Co. (S. D.), 53 N. W., 769; Brown v. Baird (Okla.), 48 Pac., 180; Furr v. Speed, (Miss.), 21 So., 562; Ry. Co. v. Lowery, 74 Fed., 463; Rogers v. Meinhardt (Fla.), 19 So., 878; Lewis v. Prien (Wis.), 73 N. W., 654; Vinton v. Schwab, 32 Vt., 612; Mc Mullen v. Carson, 48 Kan., 263; 29 Pac., 317; Colo. C. & I. Co. v. John (Colo.), 38 Pac., 400; Mc Quown v. Thompson (Colo.), 39 id., 68; R. R. Co. v. O'Melia (Kan.), 42 Pac., 724; Ins. Co. v. Fisher (Cal.), id., 154.)

The agent informed the representative of the company when he paid the money that it was all the money he had; and during the time in question he had received for the company more money than that. The law will not presume that the agent embezzled the money he had received and not accounted for unless the payment was the money he had collected.

The court erred in excluding the instructions to agents, as they were referred to in the bond and formed part of the contract. (2 Ency. L., 462; Kurtz v. Forquer (Cal.), 29 Pac., 413; Humboldt, Etc., v. Wennerhold (Cal.), 22 id., 920; 2 Pars. Cont., 684; 2 Ency. L., 466; Hughes v. Sanders, 3 Bibb., 360; Nichols v. Douglass, 8 Mo., 49.)

The deposition of the agent was erroneously rejected by the court as immaterial and irrelevant. The testimony referred to several matters in issue. The company permitted the agent to pursue his business for them inconsistently with the instructions with which the surety was familiar; and it must be assumed that the parties contracted upon the basis of the general instructions. There was a substitution of new arrangements for the original

ones. The surety was therefore discharged. (2 Pars. Cont., 812; 6 Wait's Act. & Def., 470.) The agency was limited to the city of Cheyenne, yet the agent was permitted to insure property in other places. That fact ought to be held to discharge the surety, as it increased the hazard of the business for which he had become surety. He has the right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and such is made, it is fatal to his liability. (Miller v. Stewart, 9 Wheat., 680; 24 Ency. L., 750; Ins. Co. v. Johnston, 24 Ill., 622; Ins. Co. v. Loewenberg, 120 N. Y., 44; Judah v. Immerman, 22 Ind., 388; Phillips v. Astling, 2 Taunt., 206; Singer, Etc., v. Forsythe, 108 Ind., 334; Roberts v. Donovan, 11 Pac., 599; Plow Co. v. Walmsey, 11 N. E., 232; Wylie v. Hightower, 74 Tex., 306; Okey v. Sigler, 47 N. W., 911 (Ia.); Beers v. Strimple (Mo.), 22 S. W., 620; Bryan v. Merton, 65 Tex., 258.)

*W. R. Stoll*, for defendant in error.

When the petition states the facts constituting the plaintiff's cause of action, a general denial does not raise the issue of payment. (18 Ency. L., 254, 255; Stoner v. Keith Co. (Neb.), 67 N. W., 311; Stevens v. Thompson, 5 Kan., 305; Marley v. Smith, 4 id., 155; Parker v. Hays 7 id., 412; Pomeroy's Rem., § 657; Esperson v. Hover (Colo.), 33 Pac., 1008; Clark v. Wick (Oreg.), 36 id., 165; Crawford v. Tyng, 30 N. Y. Sup., 907; Price P. House v. Pub. Co., 31 N. Y. Sup., 800; Pierce v. Hower, 42 N. E., 223; Lent v. Ry. Co., 29 id., 988; Glickman v. Loen, 45 N. Y. Sup., 1040; Ashland, Etc., v. May 71, N. W., 67; Hander v. Baade, 40 S. W., 422.) Where a party on cross-examination goes outside the examination in chief, he makes the witness his own and is bound by his answers. (1 Thomp. Tr., § 432, 442, 443; 1 Green. Ev., § 449.) Plaintiff in error offered no evidence to establish payment. The pleading of specific

defenses is a waiver of all other defenses.    The instructions of the company to its agents form no part of the contract of the bond, and if the company does not cause them to be observed, will not discharge the surety on the agent's bond.    (Ins. Co. v. Simmons, 131 Mass., 85; State v. Atherton, 40 Mo., 210; People v. Russell, 4 Wend., 570; U. S. v. Kirkpatrick, 9 Wheat., 720; U. S. v. Van Zandt, 11 id., 184; U. S. v. Nichol, 12 id., 505; Com. v. Tate (Ky.), 13 S. W., 113.)    It is never a defense to a surety on a bond for faithful performance of duty as an agent, that the creditor himself was negligent or guilty of laches, or that the surety relied on the creditor not being so; and if such a defense is pleaded, it will be stricken out on motion.    (Bank v. Owen (Mo.), 14 S. W., 632; State v. Atherton, 40 Mo., 210; People v. Russell, 4 Wend., 570; cases cited above; Minor v. Bank, 1 Pet., 46; Bank v. Root, 2 Met., 522; Board v. Judice (La.), 2 So., 792; McShane v. Bank (Md.), 20 Atl., 776; Lieberman v. Bank, 40 Atl., 382; Engler v. Ins. Co., 46 Md., 322.)

The plaintiff in error can not complain of the exclusion of the deposition of the agent, Richards, for it was only corroborative of the testimony of the representatives of the company as brought out by the plaintiff in error. Nothing in the bond forbade the agent from insuring property outside of Cheyenne.

The mere fact that the creditor indulges the principal by the extension of time does not relieve the surety; unless the extension is for a definite time, and is based upon a valuable consideration, moving from the principal to the creditor.    The mere fact that the agent has difficulty in making collections, or that the creditor for any reason sees fit to indulge the principal in the matter of payments, is never sufficient to exonerate the surety. (Lake v. Thomas (Md.), 36 Atl., 437; Bank v. Owen (Mo.), 14 S. W., 632; Bank v. Traube, 75 Mo., 199; People v. Russell, 4 Wend., 570; 64 N. Y., 231; 68 N. W., 941; 33 N. Y. Sup., 695; 97 U. S., 318; 98 N. Y., 467;

21 id., 88; 6 How., 279; 23 id., 149; 13 N. W., 496; 58
N. Y., 541; 62 id., 88; 82 id., 121; 91 id., 353; 64 id.,
385; 61 N. W., 107; 3 S. E., 817; 35 N. W., 10; 10
So., 539; 47 Ia., 357; 78 Fed., 866; 67 Mo. App., 210;
26 S. E., 63; 47 Pac., 566; 40 S. W., 465; 12 S. E.,
834; 34 Fed., 291; 51 N. W., 200; 45 Pac., 555; 66
N. W., 647; id., 470; 56 Fed., 281; 28 Pac., 842; 110
Mass., 163; 8 N. W., 457; 131 Mass., 85; 46 Md.,
322; 51 N. Y. Sup., 226.)

KNIGHT, JUSTICE.

On the 14th day of January, 1891, one Richards was
appointed agent at Cheyenne, Wyoming, of the defendant
in error insurance company whose principal place of busi-
ness was at Manchester, in the State of New Hampshire.
On the day mentioned, by requirement of the defendant
company Richards executed a bond in the sum of five
hundred dollars conditioned that, as the agent of the
insurance company, authorized to receive sums of money
for premiums, payment of losses, salvages, and collections,
he would pay over such money correctly, and in every
way faithfully perform his duties as agent in compliance
with the instructions of the company through its proper
officers.   Plaintiff in error, Charles W. Riner, joined in
the execution of this bond as surety for Richards.

In 1895, the insurance company sued plaintiff in error
alone, and, as such surety in the district court of Laramie
County upon said bond, and recovered judgment against
said plaintiff in error for the sum of four hundred and
seventy-eight dollars and forty-three cents, together with
ninety-three dollars and twenty-four cents costs.   From
that judgment and an order denying him a new trial
plaintiff appeals.

The material allegations in the petition are that Richards
as agent violated the conditions of his bond in this; to-wit:
that between the said 14th day of January, 1891, and the
7th day of October, 1893, at which time his agency was
terminated, he received the money of said company

amounting to the value of $649.05, and paid over and accounted for only $303.02 of that sum, leaving a balance due the insurance company of $346.03.

The insurance company, plaintiff below, as required by law, attached to its petition an account, which is as follows:—

Oct. 7, 1893.

W. A. Richards, Agent,

To New Hampshire Fire Insurance Company.    Dr.

To net premiums on policies issued —

| | |
|---|---:|
| Dec., 1892 | $ 71.94 |
| Jan., 1893 | 60.28 |
| Feb., 1893 | 80.31 |
| March, 1893 | 83.19 |
| April, 1893 | 237.84 |
| May, 1893 | 68.20 |
| July, 1893 | 47.29 |
| | $649.05 |

Credit:—

| | | |
|---|---:|---:|
| By Cash July 24, 1893 | $ 100.00 | |
| By Cash Oct. 7, 1893 | 35.00 | |
| By Ret. Prem. on policies returned Oct. 7, 1893 | 168.02 | 303.02 |

Total amount due and unpaid Oct. 7, 1893,    $346.03

The answer of the defendant, plaintiff in error, here denies the allegations of the petition wherein liability of plaintiff in error is claimed by reason of said bond. And it is unnecessary for the disposition of the case to state in detail the denials and affirmative allegations contained in the answer.

It will be observed that no liability by reason of the bond is claimed against the surety for any transaction or business between Richards as agent and the company from the date of the bond, January 14, 1891, up to December, 1892.

On the trial of this case in the District Court, the surety as defendant attempted and offered to show to the court and jury as his defense to the liability claimed by reason of the bond, in substance, but not perhaps in the order, as follows:—

That at all times, after the giving of the bond in controversy, Frederick W. Lee represented the insurance company with full authority, acted for said company, and the agent, Richards, acted for himself.

That in January, 1892, said insurance company received from said Richards, as its agent, a note payable four months from date for the sum of $693.40, which said note represented, and was in settlement for, the balance due said insurance company from said Richards as its agent for business done by him during the year 1891. That subsequently after the expiration of the term of said note in December, 1892, said Richards paid the interest amounting to about twenty dollars, and paid in addition thereto about $300 of the principal sum, and gave a new note for the balance, which amounted to about $400. The last mentioned note being given for four months. That on May 23, 1893, said Richards paid to Frederick W. Lee, special agent for the said insurance company in said city of Cheyenne, $340, and that the credit given said Richards in the account sued on in July and October, 1893, of $303.02 is an additional amount to the $340 paid in May, 1893.

That on May 23, 1893, when Richards, as agent, made the payment of $340, aforesaid, said Frederick W. Lee, for said insurance company, made out the account current representing the business done by Richards as such agent for the months of December, 1892, and January, February, March, and April, 1893, in the presence of said Richards, and that said account current, so made at that time, showed an indebtedness from said Richards as agent to said insurance company the same as is shown in the account sued on, and that with that knowledge said insurance company collected said sum of $340, under the fol-

lowing circumstances, as testified to by said special agent, Frederick W. Lee. "He gave me to understand if he paid the note at that time, it would be all the money he could raise." And said Lee testified that said sum of money, so collected on May 23, 1893, was applied to the final payment of the note for $400, last above described, given in settlement of the indebtedness from said Richards as agent to said insurance company for business done and money collected by him prior to December, 1892, and was not applied to the payment of the indebtedness of said agent as shown by the account current at that time prepared by said special agent, as is claimed should have been done. And that the agreement to apply said money to the payment of said note made by and between said insurance company and said Richards as its agent, was without the knowledge of this plaintiff in error, the surety on the bond of said agent Richards, and in his absence from his home in Cheyenne. And that said surety has never consented to or affirmed such application of said money. That plaintiff in error was familiar with the instructions ordinarily given by insurance companies to their agents which were in accordance with those stipulated as given to Richards in the bond aforesaid that he had signed to secure for him the agency of defendant, and that he was at no time advised or informed of the change in the conditions of the bond and instructions to agents by the taking of the notes as aforesaid, and the extension of time for the making of reports and remittances.

That said surety offered in evidence the instructions to Richards as agent from said insurance company, claiming that the said instructions were a part of the conditions of the bond in this case. A part of the evidence tendered being the deposition of said agent Richards, to which objection was made by said insurance company and sustained by the court. It is not necessary to go further into the evidence secured on cross-examination of the witnesses on behalf of said insurance company and that presented and tendered by the surety. Suffice it to say that objection was

made to nearly all of it by the attorney for said insurance company, he contending there, and in this court, that such evidence was irrelevant and immaterial to any issue made in the case. That, "when the petition states the facts constituting the plaintiff's claim, a general denial does not raise the issue of payment." Citing the authorities in support of this text found in 18 Am. & Eng. Ency. of Law, page 255. Note 1. This claim was made in the trial court and the objection aforesaid to all evidence presented and tendered by the surety was sustained, to which he duly excepted. And the court upon motion of the attorney for said insurance company over the objection of said surety, instructed the jury to find and return a verdict for said insurance company and against said surety for the amount claimed in the petition.

Let us briefly examine the test above referred to. "When the petition states the facts constituting the plaintiff's claim, a general denial does not raise the issue of payment." In note 1 id., and following the list of authorities to which our attention has been called, we find the following statement. "But this rule does not apply when the fact of non-payment is alleged in the complaint as a necessary and material fact to constitute a cause of action. (Cases cited)." It is presumed that no one will contend that the complaint or petition in this case is not such an one as last above described; for the petition here alleges not only an indebtedness, demand, and non-payment of Richards, the principal in the bond, but also a demand and non-payment on the part of plaintiff in error, as his surety and consequent legal liability. To constitute the cause of action, it was necessary to allege and prove that Richards, as agent, had received certain moneys for the company for which the surety was liable, and had failed to pay over the same, the neglect of such payment or remittance was as material to the cause of action as the fact of the receipt of the money, and counsel at the trial evidently so considered, as he proceeded to make proof showing such non-payment; and the liability of the surety

for the alleged neglect and failure of duty, on the part of the agent, were denied and put in issue.

The defense that was tendered by this surety, that the settlement made by the insurance company with Richards, its agent, whereby the insurance company received the note of Richards, due several months after the date of settlement and for money he had collected, or should have collected, before he was accountable therefor, thereby suspending all possible proceedings upon said bond as against the surety, was a good defense under the issues joined; and it was error to fail to submit it to the jury.

There are many authorities upon and in support of this proposition of law.    Brandt on Suretyship, Secs. 343, 344, 364, and cases there cited.; 1 Brock, 224; 57 Ill., 323; 76 Iowa, 646; 34 Md., 516; 2 Pa. St., 288; 18 Me., 396; 2 Met., 178; 14 Barb., 238; 31 Md., 130.    In 67 Ind., 251, the court makes use of the following language: "The law may be regarded as settled in this State, that 'an agreement between the payee or holder of a note and the principal therein, for an extension of time of payment, for a fixed and definite period, made without the knowledge or consent of the surety in the note, and founded upon a new consideration, will discharge the surety from any liability on such note.'    (Cases cited.) We know of no reason why this doctrine should not be applicable as well to such bonds as the one sued on in this action as to promissory notes."

The Supreme Court of New York in the case of Bangs v. Mosher, 23 Barb., 478, says, "We think the well-settled rule of law, that where a creditor by valid agreement with his principal debtor extends the time of payment of the debt without the consent of the surety, the latter is discharged, applies in full force to this case." This case will be found interesting and in point.    It was an action brought for debt on a bond given by an agent to an insurance company.    The defense of the surety on the bond being that an accounting was had between the agent

and the insurance company when the latter accepted the check of the agent for the amount found due, and gave a receipt for such balance. It is admitted that the agent had no money on deposit in the bank upon which the check was drawn to pay the same. Notwithstanding which fact the surety was held to be not liable.

The Circuit Court of the United States in the case of the United States v. Howell, 4 Wash., 620, says: "Where is the legal principle which shall prevent the surety from pleading as an excuse for the non-performance of his engagement, that the creditor interfered and prevented the performance by entering into a new contract with the principal, by which performance by him was dispensed with and postponed to a period beyond that mentioned in the contract which the surety had guaranteed. The question of law then is whether the contract of the surety has without his consent been changed by the obligee."

If by the settlement between Richards, as agent, and the insurance company, the jury should have found that plaintiff in error had been released from liability as surety for all indebtedness prior to December, 1892, then it would have been competent evidence and a good defense to this action to show that, subsequent to December, 1892, money collected by Richards, as agent for business done after that time, was received by said insurance company, and for which such surety was liable on the bond, and credit was given such agent for the indebtedness of such agent to said insurance company, for business prior to December, 1892, for which he was not liable, without his, the surety's, knowledge or consent. Upon this proposition we will cite of the many cases which we believe to be strictly in point. British American Insurance Company v. Neil, *et al.*, 76 Iowa, 645; Hecox, *et al.*, v. Citizens Insurance Company, 2 Fed. Rep., 535; Joyce on Insurance, Sec. 710, and cases there cited.

Because of the error of the court in refusing to admit the deposition of Richards, which showed that the notes were given by him in settlement for the business prior to

December, 1892, and receipts regularly given him therefor, and for error in directing a verdict, and taking from the jury the consideration of the fact whether the moneys paid upon the note in May, 1893, were moneys which he is charged to have received, and which it is conceded he received for the company after December 1, 1892, the judgment must be and is reversed, and the cause will be remanded for a new trial.   Upon the evidence left in the case, more particularly the testimony of special agent Lee, it was within the province of the jury to determine whether the said payment of May, 1893, which was applied upon the note was money so received upon current business.   If it was, then the agent had remitted all the money for which he stands charged for that business.

*Reversed.*

Potter, C. J., and Corn, J., concur.