J. O. Roe, Appellant, v. James M. McCaughan, Appellee, and N. Bachtel.

Notice of Appeal: TIMELY SERVICE. An appeal will be dismissed where the notice was not served in time.

RULE APPLIED. A notice of appeal from the vacation of a judgment must be served within six months thereafter and not six months from the final judgment entered after such vacation.

BILL OF EXCEPTIONS. May be properly filed before final entry of judgment.

REVIEW OF CONFLICT IN EVIDENCE. A finding of the trial court on conflicting evidence will not be disturbed on appeal, unless it be the result of passion or prejudice, or so clearly against the evidence as to justify the conclusion that it is not the result of honest and fair discretion.

*Appeal from Polk District Court.*—Hon. W. A. Spurrier, Judge.

Wednesday, February 6, 1901.

Action at law on two promissory notes executed by defendants to one J. A. Roe, and by Roe transferred and indorsed to plaintiff. Defendant McCaughan alone appeared and filed answer, pleading that he was a surety for his codefendant; that the action is barred against the principal; that the payee released the principal by an agreement based on sufficient consideration, without his (the surety's) consent; that plaintiff is not the owner of the notes; that T. S. Roe is a brother of J. A., and plaintiff a son, and that T. S. was a guarantor of the notes; that he (T. S.) paid and took up the said notes, and that the same were delivered to him after maturity and before the pretended assignment to plaintiff; that T. S. Roe, who was indebted to defendant in a sum exceeding the amount of said notes, entered into a contract with him (defendant) by which he agreed to take up the notes, and turn them over to defendant in consideration of the discharge of so much of his indebtedness; that, in violation of this agreement, he, after taking up the notes, had them transferred to plaintiff, after maturity, for the purpose of having suit brought thereon. A demurrer to the division of the answer pleading the statute of limitations was sustained, and the case on the remaining issues was tried to the court, resulting in a judgment for defendant. Both parties appeal, but, as plaintiff denominates himself appellant, he will be so called in this court.—*Affirmed.*

*Granger & Bennett* for appellant.

*Barcroft & McCaughan* for appellee.

Deemer, J.—The case was tried at the January term, 1897, of court, and a judgment was entered on February 2, 1897, dismissing plaintiff's petition, no time being given for plaintiff to file a bill of exceptions, and no exceptions being taken to the judgment, as we understand it. Thereafter and on July 8, 1897, plaintiff filed a motion to set aside the

judgment because entered by inadvertence and mistake, and because it deprived plaintiff of his right of appeal. The record shows the following entries relative to this motion: "This cause came on for hearing July 12, 1897, upon motion to vacate judgment entry; and the court being fully advised in the premises, sustains said motion, and orders that the entry of judgment heretofore made herein be vacated, and set aside; to which defendant excepts. And now, on this twentieth day of July, 1897, this cause came on for hearing before the court, and the court, being fully advised in the premises, finds that defendant should have judgment for costs herein. It is therefore ordered and adjudged by the court that the defendant do have and recover of and from the plaintiff, J. O. Roe, judgment for the costs herein, taxed at $——, and that execution issue therefor. To all of which plaintiff duly excepts and is granted sixty days time within which to prepare and file bill of exceptions herein." It is claimed that all the foregoing was entered of record July 20, but the record does not sustain the contention. Plaintiff's notice of appeal is from the judgment rendered on July 20, and defendant's is from the ruling of July 12 on the motion to set aside the judgment entered February 2. As defendant's notice was not served until more than six months after he says the ruling of which he complains was made, his appeal must be dismissed. If the notice were treated as timely, still we discover no error in the ruling of which he complains. The motion was not for a new trial, but to set aside a judgment entry. There was no need, therefore, for a new trial. The only questions involved were the right of plaintiff to have an exception, and time for filing a bill of exceptions. A proper bill was filed on February 3, 1897. That this was before the final entry of judgment is of no consequence.

II. On the merits the questions of the statute of limitations and of the discharge of the principal debtor are out

of the case; the former by reason of the ruling on the demurrer to the division of the answer tendering this issue, and the latter by reason of an utter lack of evidence to support it. The only remaining issue presents a question of fact. The case is at law, and was tried to the court without the intervention of a jury. Its finding, however, has the force and effect of a verdict, and will not be interfered with unless it be the result of passion or prejudice, or so clearly against the evidence as to justify the conclusion that it was not the result of an honest and fair discretion. *Saar v. Finkin,* 79 Iowa, 61; *Walthelm v. Artz,* 70 Iowa, 609; *Haskell v. City of Des Moines,* 74 Iowa, 110; *Giger v. Railway Co.,* 80 Iowa, 492; *Inghram v. National Union,* 103 Iowa, 395; *Assurance Co. v. Neil,* 76 Iowa, 645. It is not our practice to set out the evidence on which we base our conclusions, and it is sufficient for the purpose of this case to say that there was testimony offered on the part of defendant, which, if uncontradicted, would have been sufficient to justify the judgment of the trial court. The mere fact that this was contradicted is not controlling, for the presiding judge had most of the witnesses before him, and was better able than we to weigh and measure their evidence. As his findings are not without support, we will not interfere.—*Affirmed.*