MULHERN *v.* THE UNION PACIFIC RAILROAD COMPANY.

NON-SUIT.—A non-suit is not a judgment nor the final determination of a cause, and under section 379 of the Civil Code a district court of this Territory has no authority to order a peremptory non-suit against the will of the plaintiff.

MOTION FOR NEW TRIAL.—A motion for a new trial in the district court was unnecessary, for the reason that the trial by jury, which was inaugurated, was never had.

ERROR to the District Court of Albany County.

The facts are stated in the opinion.

*M. C. Brown*, for plaintiff in error.

A judgment of non-suit is a judgment dismissing the action. The Code of Civil Procedure provides under what circumstances a case at law may be dismissed, and further provides that in "all other cases, upon a trial of the action, the decision must be upon the merits." This case was not one of those that can be dismissed by the court. Civil Code, sec. 379; *Byrd* v. *Blessing*, 11 Ohio St., 362; 1 Pet., 471, 497; *Ellis & Norton* v. *Ohio Life Insurance and Trust Co.*, 4 Ohio St., 648; *Langhoff* v. *Pr. Duchein R. W. Co. et al.*, 19 Wis., 515; *Strucke* v. *The M. & M. R. R. Co.*, 9 Wis., 183; 4 Ohio St., 648.

Negligence is not a fact, but a conclusion of facts. It cannot be testified to as a fact, but is inferred from all the circumstances of the case. 19 Wis., 518; Thompson's Neg., vol. 2, p. 1011; *Stoddard* v. *St. Louis R. R. Co.*, 65 Mo., 514, 521; 61 Mo., 591; 62 Mo., 230; *Martin* v. *Simpson*, 6 Allen, 102; 106 Mass., 149; 36 N. Y., 153; 41 Cal., 109; 23 Connecticut, 339; and 9 Wis., 183; 10 American R., 428, 9; *Homes* v. *Clark*, 10 W. R., 405; *Huddleston* v. *Lowell Machine Shop*, 106 Mass., 282; *Briton G. W. Cotton Co.*, Law Rep., 7; Exch., 130.

The motion for non-suit is based chiefly upon the proposition of contributary negligence of plaintiff, or knowledge by plaintiff of carelessness of fellow-servant.

These are matters of defense. See Abbott's Trial Evidence, 595 and 596; *Railroad Company* v. *Gladman,* 15 Wall., 401; *Indianapolis R. R. Co.* v. *Holst,* 3 Otto, 291; *Haley* v. *Earle,* 30 N. Y., 208; *Button* v. *Hud. Riv. R. R. Co.,* 18 N. Y., 248; *Johnson* v. *Hud. Riv. R. R. Co.,* 20 N. Y., 65; 43 N. Y., 82; *Greenleaf* v. *Ill. Cen. R. R. Co,* 29 Iowa, 14; same case, 4 American, 181; Wharton on Negligence, sec. 425; *Gay* v. *Winter,* 34 Cal., 153; *Smoot* v. *Mayor,* 24 Alabama, 112; *P. & M. R. R. Co.* v. *Hoechl,* 12 Bush (Kentucky), 41; 31 Md., 357; *Hocum* v. *Witherick,* 22 Min., 152; *Thompson* v. *North Mo. R. R.,* 51 Mo., 190; *White* v. *Concord R. R. Co.,* 30 N. H., 188–207; *Durant* v. *Palmer,* 29 N. J., 244; *Cleveland & C. R. R. Co.* v. *Crawford,* 24 Ohio State, 631; *Pennsylvania R. R. Co.* v. *Weber,* 76 Penn., S. C.; 18 American, 407; *Hoyt* v. *Hudson,* 41 Wisconsin, 105, S. C.; 22 American, 714; 63 N. Y., 643; 18 American, 407; *Lanning* v. *New York Cen. R. R. Co.,* 10 Am. R., 417; Id. 327; 18 American R., 412; 4 Amer. R., 353; *McIntire* v. *New York Central,* 37 N. Y., 287; 18 Amer., 412; Id., 407; 22 Amer. R., 715; Thompson on Negligence, page 1000, particularly 1011.

Knowledge of defect in machinery or carelessness of fellow-servant is no answer in law to negligence on ·part of defendant. See authorities before cited, particularly *Lanning* v. *New York Central*; 10 Am. R., 417; 11 Amer., 715; 18 American, 407; and Id., 412; *Frost* v. *Inhab. of Waltham,* 12 Allen, 85; S. and R. Negligence, sec. 414; *Reed* v. *Northfield,* 13 Pick., 94.

This being true, and this matter of defense, it necessarily follows it was error to sustain the motion for non-suit on this ground. See authorities before cited.

Notice of carelessness of servant to one who has authority to hire and discharge servants, is notice to the principal. See *Lanning* v. *New York Central,* 10 Am. R., 417, and cases

there cited; 76 Penn. State, 389, S. C.; 18 Am. R., 412; *Conger* v. *Chicago & C. R. R.*, 24 Wis., 157; *Parker* v. *Steamboat Co.*, 109 Mass., 449.

Proof of specific acts of carelessness is sufficient proof of habitual carelessness of servant. *Baulec, Admr.* v. *New York & Harlem R. R. Co.*, 17 Amr. R., 325 (59 New York, 356); Am. R., 111 (38 Ind., 294); Wharton's Ev., vol. 1, sec. 41; Abbott's Trial Evidence, p. 593.

If the evidence tends to make a *prima facie* case for the plaintiff, a non-suit cannot be properly ordered. 19 Ohio, 442; 11 Ohio St., 632; 11 Ohio, 454; *Harris* v. *Frank*, 49 N. Y., 24.

Plaintiff under our statutes stands as a stranger to the defendant, and defendant's liability is measured by a wholly different rule. See Compiled Laws of Wyoming, page 512, chapter 97; 3 Ohio State, 210; 20 Ohio, 415; Thompson on Negligence, 1000 *et seq.*, 953, 970, 984; 1 Redfield on Law of Railways, 527.

On construction of a statute like ours see Thompson on Negligence, vol. 2, page 979, *et seq.*; rules of construction, see Bishop's Stat. Crimes, sections 78, 79, 80, 81, 82, 89, *et seq.*, and Dwar. Stat., 2d ed., 568.

Under a statute like ours the least that can be said of it is, that it so far changes the relations of master and servant that the master is held to about the same degree of care as to a person (a stranger) on the track of the defendant by permission.

As to liability under such circumstances see Thompson on Negligence, page 461, and cases there cited; Cooley on Torts, pp. 664 and 665; Addison on Torts, vol. 1, sec. 547, pp. 579, 580, 581, 582 and 583, and notes on said several pages.

The question is properly raised for review on the record by the exception taken, as shown by the bill of exceptions brought into this court. See *Cravens* v. *Dewey*, 13 California, 42; *Pratt* v. *Hull*, 13 Johns, 335; *Ellis & Morton* v. *Ohio Life and Trust Co.*, 4 O. S., 628; 11 O. S., 362; 11

Ohio, 452; 19 Ohio, 426 and 442; *Powell* v. *Power*, 14 Ohio, 54; *Harrison* v. *Juneau Bank*, 17 Wis., 359; *Imhoff* v. *Chicago and Milwaukee R. R. Co.*, 22 Wis., 649; *Sulton* v. *Town Wawatosa*, 29 Wis., 21; *Hunter* v. *Warner*, 1 Wisconsin, 128.

*W. W. Corlett*, for defendant in error.

That the plaintiff in the court had full knowledge of the matters of which he now complains—that he remained in the defendant's service after having such knowledge—that he was not induced to remain in defendant's service by any promise that any change would be made—or upon any inducement or hope whatever held out to him that would justify him in believing that the risk of the service was not waived by him if he remained, are propositions that are indisputably established by the evidence. He therefore had no cause of action. Shearman and Redfield on Negligence, secs. 94 and 96; *Greenleaf* v. *I. C. R. R. Co.*, 29 Iowa, 14; *Davis* v. *R. R. Co.*, 20 Mich., 105; *Dillon* v. *U. P. R. R. Co.*, 3 Dillon, 319; *R. R. Co.* v. *Barber*, 5 Ohio St., 564; *Hayden* v. *Smithville Manufacturing Co.*, 29 Conn., 548; *Buzzell* v. *Laconia Manufacturing Co.*, 48 Me., 113; *Frazier* v. *R. R. Co.*, 38 Pa. St., 104–111; *Ladd* v. *R. R. Co.*, 119 Mass., 412; S. C., 20 Am. R., 331; *Priestly* v. *Fowler*, 3 M. & W., 1; *Coombs* v. *New Bedford Cordage Co.*, 102 Mass., 572; *Gibson* v. *Erie R. W. Co.*, 63 N. Y., 449; S. C., 20 Am. R., 552; *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y., 612.

Being guilty of contributory negligence he could not recover, whatever the other facts of the case may be. *Lovejoy* v. *R. R. Co.*, 125 Mass., 79, S. C., 28, Am. R., 206; *Laning* v. *R. R. Co.*, 49 N. Y., 521; Thompson on Negligence, 932; Shearman and Redfield on Negligence, sec. 25.

A stranger's right of action in the case would depend entirely upon the fact whether or not the engineer, after discovering him on the track, unnecessarily and without warning to him, ran over him. But there is no evidence

whatever that the engineer ever saw him on the track before the accident by which he was injured. Hence, in any view of the case, the plaintiff shows that he has no cause of action. *Finlayon* v. *R. R. Co.*, 1 Dillon, C. C. R., 579; *R. R. Co.* v. *Collins*, 87 Pa. St., 405; S. C., 30 Am. R., 371.

The petition and proof in this case show, beyond all question, that the matters of default or negligence, alleged against the defendant—both as to the pony engine and the engineer, Charles Brown, were well known to the plaintiff. The plaintiff therefore assumed, as a matter of law, the risks incidental to such a hazardous service as he shows he was engaged in at the time of his injury, and his case is clearly not made out either as to his allegations or his proof in not alleging, and showing by proof, that although the said defaults on the part of the railroad company existed, yet that he either had no knowledge of them, or that, if he did, that his case is within some of the exceptions which allow him to recover, notwithstanding such knowledge. Thompson on Negligence, pp. 1050–2; *The Mad River and Lake Erie R. R. Co.* v. *Barber*, 5 Ohio S., 541; Shearman and Redfield on Negligence, sec. 94; *Bussell* v. *Laconia Manufacturing Co.*, 48 Maine, 113; Thompson on Negligence, pp. 1008–9; *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y., 562.

SENER, C. J.   Francis Mulhern, plaintiff in error, on the 13th of August, 1880, filed an amended petition in the second district court for Albany county, claiming damages for injuries received whilst acting as night yard master at Laramie City, in the sum of $50,000, because of the recklessness and carelessness of one of the defendant's servants, one of its engineers; the plaintiff alleging that at the time the injuries were received he was in the discharge of his duties, and that he was so cut, bruised and wounded as to be disabled from engaging in any pursuit or earning a living for the remainder of his life. The defendant

demurred, which was overruled, and then plead the general denial. An issue thus being made, a trial was begun, and the plaintiff had offered his testimony in support of the issue and rested, when the defendant moved for a *non-suit* on the following grounds :

First. Because the evidence does not warrant any verdict or finding against the said defendant.

Second. Because there is no legal or competent evidence in the case to establish the allegation in the amended petition in respect to the incompetency and carelessness of the engineer, Charles Brown, the fellow-servant of said plaintiff, through whose alleged incompetency, carelessness and negligence it is alleged said plaintiff was injured.

Third. Because there is no evidence in the case sufficient to establish *prima facie* the allegation, in said amended petition, respecting the knowledge of said defendant as to the alleged defect in the pony engine, and the alleged incompetency, carelessness and negligence of the said Charles Brown.

Fourth. Because it appears from the evidence that the said plaintiff was, long before the time he was injured, fully aware of the defect in the pony engine of which he complains, and of the alleged incompetency, carelessness and negligence of the engineer, Charles Brown, of which he complains, and therefore assumed the risk of working with said engine and with the said Brown, and because there is no evidence in said case showing that the defendant ever promised the said plaintiff to repair said engine, or discharge or remove said Brown, or that the plaintiff would be relieved from the necessity of working with said Brown.

Fifth. Because any finding or verdict for the plaintiff in this case, on his evidence, would not be warranted in law.

Sixth. Because the evidence fails to show that the defendant failed to use ordinary and due care in any respect wherein it owed any duty to the said plaintiff. That said motion for non-suit was sustained by the court, and the cause dismissed. Plaintiff excepted. Bill of excep-

tions was duly signed and approved by the court, and made a part of the record.

The case comes into this court by writ of error, and the only error assigned is that the court erred in sustaining the motion for a non-suit, and so withdrawing the case from the jury, which was sworn to try the case, and in dismissing the action against the consent of the plaintiff, and over his objection and exception taken at the time.

A non-suit at the common law could only be entered in three cases:

First. If the plaintiff neglected to deliver a declaration for two terms after the defendant appeared, or was guilty of other delays or defaults against the rules of law in any subsequent stages of the action, he was adjudged *not to follow*, or pursue his remedy as he ought to do, and therefore a *non-suit* or *non-prosequitur* was entered, and he was said to be *non-pros'd. Vide* Cooley's Blackstone, book 3, sec. 296.

Second. When in the course of pleading either party neglected to put in his declaration, plea, replication, rejoinder and the like, within the time allotted by the standing rules of the court, the plaintiff, if the omission was his, was said to be *non-suit. Vide* Cooley's Blackstone, book 3, sec. 316.

Third. In cases where a jury had been sworn. In such a case it was usual for the plaintiff, when he or his counsel perceived that he had not given evidence sufficient to maintain his issue, to be voluntarily non-suited or withdraw himself, whereupon the crier was ordered to call the plaintiff, and if neither he nor anybody for him appeared, he was non-suited, the jurors discharged, the action was at an end and the defendant recovered his costs * * * * * but if the plaintiff appeared, the jury by their foreman delivered in their verdict, — *vide* Cooley, Book 3, sec. 376. Surely it will not be claimed that a non-suit was entered in any contingency provided for under the three foregoing headings. And so it was not entered in pursuance of any authority at common law.

The Code of Civil Procedure, Compiled Laws of Wyoming, chap. 13, title xi, sec. 379, follows the common law with great exactness, and goes possibly a little further. It provides as follows:

"An action may be dismissed without prejudice to a future action:

First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court.

Second. By the court, where the plaintiff fails to appear on the trial.

Third, By the court, for want of necessary parties.

Fourth. By the court on application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

Fifth, By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action. In all other cases upon the trial of the action, the decision must be upon the merits."

It will not be claimed that there was any decision upon the merits, and as one will readily see at a glance, the nonsuit entered was not allowed as provided for in any of the subdivisions quoted.

What is a decision upon the merits? It is a decision upon the justice of the cause, and not upon technical grounds only (vide Bouvier's Dictionary, under heading of Merits,) the real or substantial grounds of the action in distinction from technical or collateral matter, vide Abbott's Dictionary (Merits.) The N. Y. Code defines merits to be the strict legal rights of the parties as distinguished from mere questions of practice. Now in every case where a non-suit is unprovided for, there must be upon the trial, a decision upon the merits. Now let us ascertain the meaning of the word "decision;" Bouvier's Dictionary says it is a judgment given by a competent tribunal. Abbott says it is the result of the deliberations of a tribunal, the judicial determination of a question or cause. By sec. 377 of our

code, a judgment is the final determination of the rights of parties in action. Surely a non-suit is not a decision. It is no judgment in the sense of our code, nor is it the judicial determination of a question or cause, for after the entry of a non-suit, a new suit may be brought. In this case there was no decision by the jury, no final determination, and so no final judgment could be entered.

If the case has no merit, either in law or upon the evidence, let the court by an instruction, either of its own motion or upon request, say so to the jury. If the case has merit and a jury is called, they are to decide it upon its merits, under such instructions as may be given by the court. The statute says, "In all other cases upon the trial of the action, the decision must be upon the merits." The trial under the Wyoming Code is defined as follows: When a jury is impanneled it includes a verdict, *vide* chap. 13, title xi, sec. 260. The same was true at common law. Once begun before a jury a trial must end in a verdict, unless the plaintiff voluntarily becomes non-suited in one of the three ways heretofore pointed out. A non-suit does not decide the case upon the merits. Under neither of the subdivisions heretofore quoted, can the non-suit entered in this case be justified or sustained. So it is unsustained at common law, and unsustained and unauthorized by our statute. The counsel for the defendant in error claimed as authority, the action of the supreme court of this Territory in the case of *North et al.* v. *McDonald et al.*, reported in 1 Wyo. Reps., p. 348. An inspection of that case however, so far as we can gather the facts from the statement of Thomas, Judge, shows that after the testimony of the plaintiff closed, the defendant moved for a non-suit, which after argument was granted; but the facts do not disclose that any objection was made at the time, and so practically the plaintiff, not excepting, became bound to some extent by what occurred at that time. It is true there was a motion to set aside such non-suit which was overruled. This was right.

After the plaintiff had in fact stood by and seen his case

go out of court, and without exception or objection, it was too late for him, as a matter of right to ask leave to reinstate the case. If he felt that he still had a good case, and the evidence to sustain it, his opportunity was by bringing another suit if not barred by the statute of limitations. But the counsel for the defendant in error laid stress on the fact, that the supreme court of the United States affirmed the supreme court of this Territory. This is true, though the case was unreported in either Otto 10 or 11, the vols. which report the cases for the term of 1879 in the supreme court of the United States.

That the decision might be obtained for our guidance and instruction, a copy was applied for to the clerk of the supreme court of the United States, who furnished it and it is here inserted entire.

"No. 41.—OCTOBER TERM, 1879.

Orlando North and L. Newman, assignees, &c., Plaintiffs in Error v. William McDonald and Harvey Booth.

*In error to the supreme court of the Territory of Wyoming.*

Mr. Chief Justice Waite delivered the opinion of the Court.

The plaintiff below evidently intended to bring this action under sec. 5129 of the Revised Statutes; but the averments in their petition are only sufficient to make a case under sec. 5046. While the court would certainly have been justified in leaving the question of fraud to the jury upon the evidence as it stood, we think, if a judgment had been rendered against the defendants, it might with propriety have been set aside as being contrary to what had been proven. For this reason, although it might have been more in accordance with correct practice not to take the case from the jury, we will not disturb the judgment. No request was made for leave to amend the petition, and we

must consider the case here as made by the pleadings, and not as the parties may have intended to make it.

The judgment is affirmed.

The supreme court of the United States say the correct practice would have been to have left the case to the jury, and not to have taken it from them: but they go beyond this, and evidently hold that the law of the case was insufficient to warrant a verdict, that the plaintiff in error failed to ask leave to amend the pleadings to make a proper case, and so they affirmed the court below.   Here it is different: the records show the interposition of a demurrer, and that it was overruled, so *prima facie* there was law to warrant the verdict of the jury, and the motion for a *non-suit* is based entirely on the sufficiency of evidence in all of its six grounds, a question in a jury trial purely for the jury to determine.   If there be no evidence whatever for the jury to base a verdict on in favor of the plaintiff, let that be determined by the rules of law too well established to need more than their statement.

I. The defendant can demur to the evidence and that puts the case in shape for a judgment in the court below and so ends the controversy.   This withdraws the case from the jury, and the court can decide it upon the sufficiency of the evidence as introduced to maintain the issue.

II. If the defendant believes there is no evidence upon which to find or authorize a verdict against him, he can move the court so to instruct the jury and to find for the defense, and if there be no evidence to support a verdict it will be the duty of the court in such case so to instruct, but if there be any evidence, though slight, to authorize a verdict for the plaintiff it is error in the court to so instruct; but the finding under such circumstances should be left to the jury.   *Vide Schuchardt* v. *Allen*, 1 Wallace, 369.   In this case the court say, " A circuit court has no authority to order peremptory non-suit against the will of the plaintiff."

Citing the cases of *Elmore* v. *Grymes* and *De Wolf* v. *Raband* in 1 Peters, where Chief Justice Marshal in the first case, and Judge Story in the second case delivered the opinions of the court. In *Crane's lessee* v. *Morris & Astor*, in 6th Peters, this ruling was reaffirmed. Judge Story again speaking the opinion of the court, briefly said, " A circuit court has no authority so to act, because it was unlawful to do so at common law, and no statute authorized it so to do." For the very same reason, a district court of this Territory has no authority to order a peremptory nonsuit against the will of the plaintiff.

The argument in this case on both sides was apparently conducted with the object of inducing this court to look into the whole record, and to say whether there was any evidence to support the plaintiff's case. There are, to our minds, two insuperable objections to this course.

I. By the action of the court below in withdrawing the case from the jury there was no trial of the case there. To do what counsel wish, would be practically to try the case here when there has been no trial below : this cannot be done.

II. There is but one assignment of error, *i. e.*, to the action of the court below in withdrawing the case from the jury, after the plaintiff had closed his testimony on the defendant's motion and against the plaintiff's will : that assignment was well taken, properly excepted to, and that error alone is here to be dealt with. That it was error we think we have abundantly shown. A motion for a new trial was unnecessary in the court below because from the very statement of the case, the trial by jury which was inaugurated was never had, the jury, as the record shows, were discharged without rendering a verdict.

Our code of Civil Procedure is taken from Ohio. In that state the decisions have been conflicting, but the latest rendered, that in the 11 of Ohio, *Byrd* v. *Blessing* comes nearer to our idea of a true interpretation. Our code is an exact reprint of the Ohio code on the subject of *non-suits*.

The court say in such cases (exactly our statute herein-before quoted) a non-suit may be entered, otherwise there must be a decision on the merits.   From their decision we infer that prior to that decision and under the law prior to that time the trial courts had more discretion in rendering non-suits.   Indeed the court so holds.   But after rendering a proper decision, as we think, the court goes, in our opinion, beyond the code of its state and undertakes to justify its decision upon the facts.   This course we do not approve and cannot follow, because to do it is, in our judgment, to have in the first instance in an appellate court, the trial.   The trial, at the common law, and under our code, when begun before a jury, must be ended before a jury.   Their rights and their provinces are established by the usages of the law for centuries.   Courts can in certain cases control their decisions when there is neither law nor evidence to sustain a verdict for a plaintiff: but law and sound practice (at common law, and under our Code of Procedure) have established the methods, they are known to the law and lawyers, and must be pursued.   Their observance will always bring a party into an appellate court in such a way that any error or wrong may be re-viewed and corrected.   And to a practice so sound in principle and so ample as to do justice in all cases, sus-tained as it is by law and precedents, we hold ourselves bound, rather than to follow a practice which in our judg-ment would be a violation of law and precedents.   For these reasons the judgment of the court below must be annulled and set aside, and the case remanded with direc-tion to the court below to proceed to try this case in con-formity with this opinion.   The plaintiff in error to have his costs taxed and allowed in both courts.

Ordered accordingly.