Miller et al. v. House et al.

REVERSED.

---

MILLER ET AL. v. HOUSE ET AL.

1. **Practice**: ORDERING VERDICT FOR DEFENDANTS: ORDER PREMATURE. Where plaintiffs were suing upon a promissory note, and they offered in evidence part of a deposition taken by defendants, but, on defendants' motion, they were required to read the whole deposition, which tended to show that plaintiffs had no title to the note in question, it was error for the court, at that stage of the trial, and before plaintiffs had rested their case, to order a verdict for defendants, without allowing plaintiffs to introduce other evidence to establish their title to the note.

*Appeal from Crawford Circuit Court.*

THURSDAY, MARCH 20.

THIS is an action upon a promissory note. The names of House & Laub are signed to the note, and it is made payable to the order of E. House, and endorsed to J. R. Miller, plaintiffs' intestate. The defendant, Laub, denied the execution of the note, and set up other defenses, and pleaded certain

counter-claims.    There was a trial by jury, and a verdict for the defendants.    Plaintiffs appeal.

*C. Haldane,* for appellants.

*Conner & Shaw* for appellee.

ROTHROCK, CH. J.—The deposition of E. House was taken by the defendant Laub, in the state of Kansas.    The witness was a partner in the firm of House & Laub.    It appears from his evidence that the note in controversy was executed by House & Laub.    It also very clearly appears therefrom that John R. Miller, deceased, never was the owner of the note, and that his administrators are not entitled to maintain an action thereon.    Under the issues, it was necessary that plaintiffs should prove the execution of the note.    They proposed to make this proof by reading to the jury a part of the deposition of House.    The defendants objected to the reading of part of the deposition, and the court required the plaintiffs to introduce all of it.    After this was done, the record before us proceeds as follows:    "Plaintiffs then offered in evidence the note in suit, without objection on the part of defendant, Laub, and thereupon said defendant filed a motion in the words and figures following, to-wit."    The motion asked the court to direct the jury to return a verdict for the defendants, because the evidence showed that John R. Miller, the intestate, was not the owner of the note, and had no right to maintain the action.    The motion was sustained.    The appellants insist that the motion was premature, that they "had the right to offer further testimony touching any of the matters which it was incumbent upon them to prove, before being compelled to answer to such a motion."

We think that counsel is correct.    Appellants had not rested their case when the motion was made, and it surely cannot with propriety be claimed that, because they were compelled to read the whole deposition, they are bound by the evidence

therein contained, whether it be for or against them. It does not follow that, because the court required the whole deposition to be read to the jury at once, instead of being offered in separate parts, plaintiffs were thereby precluded from contradicting the witness as to the ownership of the note. There has been some question in our minds whether or not it should be presumed that appellants had rested their case when the motion was made to direct a verdict for the defendant. In view, however, of the fact that appellants claim that they had not rested, and the further fact that the record does not show that they had, and the appellees do not claim, even in argument, that they had, we think it would not be fair to hold that the motion was made after the appellants had closed their case in chief.

It is unnecessary to consider the question whether the court erred in requiring plaintiffs to offer the whole of the deposition in evidence. The case is different from the case of *Kilbourne v. Jennings & Co.*, 40 Iowa, 473, and *Hale & Bro. v. Gibbs*, 43 Id., 380. In those cases the deposition was taken by the party who offered it in evidence. In the case at bar, the plaintiffs sought to avail themselves of the defendants' evidence. For the error of the court in sustaining the motion directing the jury to return a verdict for the defendants, the judgment will be reversed, and the cause remanded. And, in view of a new trial, we may say that we are doubtful whether the allegations of the answer are sufficient to maintain the defense that plaintiffs' intestate was not the owner of the note.

REVERSED.