MARY FIELD AND ALICE WOODBRIDGE, EXECUTRICES, ETC., v. CONRAD CLIPPERT.

*Trial—Directing verdict.*

Directing a verdict for the defendant in a replevin suit before either of the parties has rested, and while the case was in the hands of the defense, and the plaintiffs stated that they desired to offer further testimony, among which was the appraisal of the property, is error, calling for a reversal.

Error to Wayne. (Gartner, J.) Argued November 6, 1889. Decided November 15, 1889.

Replevin. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Griffin, Warner, Hunt & Berry,* for appellants.

*James H. Pound* and *Ed. E. Kane,* for defendant.

LONG. We shall not discuss this case, or pass upon any of the questions raised in the record, except the action of the trial court in disposing of it before the parties or either of them had rested.

The action was replevin. After the plaintiffs had introduced their testimony, and while the case was yet in the hands of the defendant, the court directed the jury to render a verdict for the defendant for a return of the property. The facts in relation thereto, as stated in the record, are as follows:

"Mr. Kane [attorney for defendant] stated that he wished to offer further testimony to show the fraudulent character of the transaction in the execution of the mortgages in suit, and to show that the corporation was insolvent at the time the mortgages were executed, and that the entire claim which resulted in the Free Press

judgments was contracted between the date of the executions and the time they were placed on record.

"After argument by Mr. Griffin on behalf of the plaintiffs the court stated that he was ready to dispose of the case.

"*Mr. Griffin.* I wish to offer some further testimony. I offer in evidence the amount of the appraisal, with the writ of replevin.

"*Court.* Gentlemen of the jury: It appears from the testimony in this cause that on the twenty-first day of April—

"*Mr. Griffin.* Excuse me, your honor, but I except to the action of the court in proceeding to dispose of the case before either the plaintiffs or defendant has rested."

Notwithstanding this request, the court proceeded with his statement of the case to the jury, pointing out the reasons why the plaintiffs could not recover, and directed a verdict for the return of the property.

This was error. It is claimed that, plaintiffs' counsel having stated just what testimony he proposed to offer, the court had a right to assume that he did not propose to offer any other. What took place there, as appears by the record, does not warrant this conclusion, and the plaintiffs had the right to put in evidence the appraisal under the writ of replevin. The court was clearly in error in thus summarily disposing of the case. The judgment must be set aside, and a new trial ordered. The costs will abide the event of the suit.

The other Justices concurred.