## MAU v. STONER.

PLEADING—EVIDENCE—TRIAL—PRACTICE—DIRECTING A VERDICT—WATER RIGHTS.

1. Where an allegation of ownership is material to the right of recovery, evidence to the contrary may be allowed under a general denial.

2. Although on cross-examination, while testifying in his own behalf, the plaintiff has admitted the execution of a contract relied on by defendant, it is improper, during such cross-examination, and before the close of plaintiff's case, to permit defendant, over objection, to introduce the contract in evidence.

3. Where there is any evidence tending to prove the plaintiff's case, it is error to direct a verdict for defendant.

4. It was error to direct a verdict for defendant before the plaintiff's testimony was all in and his case closed, although a contract relied on by defendant had been improperly received in evidence for defendant during the cross-examination of a

witness for plaintiff; since the plaintiff would be entitled to show on rebuttal that the contract had not been performed by defendant, and before the defendant could claim under the contract it was necessary for him to show affirmatively performance on his part.

5. In a suit for the unlawful diversion of water, the defendant was permitted on cross-examination of plaintiff, while testifying as a witness in his own behalf, to introduce in evidence a contract relied on by him to show that the parties were joint owners of the ditch. Thereupon, and before plaintiff's case was closed, a verdict was directed for defendant on the latter's motion. *Held error*, since, if based on the contract, the defendant should have shown affirmatively performance on his part of the conditions entitling him to joint ownership, and plaintiff would be entitled to show on rebuttal non-performance on the part of defendant.

6. Where, in a suit for the unlawful diversion of water from a certain ditch, the defendant relied on a contract between the parties giving him a joint interest in the ditch upon enlarging it, the defendant should show affirmatively that he had performed his part of the contract by enlarging the ditch as agreed on before the court could find that there was a joint ownership.

[Decided January 30, 1902.]

Error to the District Court, Uinta County, Hon. David H. Craig, Judge.

Frank A. Mau brought suit against John W. Stoner for damages for the alleged wrongful diversion of water and for an injunction. A demurrer to the petition was overruled, and defendant answered denying all the allegations of the petition except plaintiff's ownership of the land alleged to belong to him upon which the damage was alleged to have resulted. After plaintiff had produced part of his evidence the court, on motion of defendant, directed a verdict for the defendant. Judgment was rendered accordingly, and the plaintiff prosecuted error. The material facts are further stated in the opinion.

*Christensen & Ryckman,* for plaintiff in error. *P. L. Williams* and *J. A. Hellenthal,* of counsel.

Defendant could not avail himself of the contract because

it was not pleaded, and had it been pleaded it was not admissible on the plaintiff's cross-examination. The plaintiff had not pleaded the instrument and it was no part of his case. He admits signing it, but claims, and was prepared to prove, that the defendant failed to perform its conditions on his part, and that he, therefore, had acquired no rights thereunder. (2 Bl., 154.) Plaintiff was not asked any questions about the contract on his direct examination. The English rule is that a witness who is sworn and gives some evidence, however formal and unimportant, may be cross-examined in relation to all matters involved in the issue. (2 Phil. Ev., 896-911; 3 Jones Ev., 820; 1 Green. Ev., Secs. 445-448; 1 Rice Ev., 586.) The American rule is stricter. Under this rule the cross-examination is limited to an inquiry as to facts and circumstances connected with the matter stated in his direct examination and applies to parties as well as to other witnesses. (Underhill Ev., 481; 3 Jones Ev., 445; 1 Whart. Ev., 529; Abb. Civ. Tr. Br., 160; Wills v. Russell, 100 U. S., 621; Elenaker v. Buckley, 16 S. & R., 77; Floyd v. Bovard, 6 W. & S., 75; Bell v. Prewett, 62 Ill., 362; Rush v. French, 25 Pac., 861.)

The contract was new matter and must have been pleaded. (Stoddard v. Onondaga, 12 Barb., 576; Piere v. Finch, 29 id., 170; Warren v. Baldwin, 51 Wis., 450; Gill v. Rice, 13 id., 549; Waddle v. Morrill, 26 id., 611; Fanning v. Ins. Co., 37 O. St., 344; McKyring v. Bull, 16 N. Y., 297; Piercy v. Sabin, 10 Cal., 22; Coles v. Soulsby, 21 id., 50; Lentz v. Victor, 17 id., 272; Moss v. Shear, 30 id., 468; Pico v. Colimas, 32 id., 578; Sherman v. Buic, id., 242; Alford v. Barnum, 45 id., 482; Clark v. Huber, 25 id., 597; Ry. Co. v. Washburn, 5 Neb., 117; 2 Estee Pl., 3691, 3694, 3686; 1 Boone Pl., 72-73; Powers v. Armstrong, 36 O. St., 357; Iba v. Cent. Asso'n., 5 Wyo., 355; Bliss Code Pl., 352, 324; Gould Pl., 303; Pomeroy Rem., 691; 1 Ency. Pl. & Pr., 830; Mauldin v. Ball (Mont.), 1 Pac., 409.)

A parol license must be pleaded. (Alvord v. Barnum, 45 Cal., 482; Snowden v. Wilas, 19 Ind., 11; Chase v. Long,

44 id., 427; Hetfield v. R. R. Co., 5 Dutch., 571; Beaty v. Swarthout, 32 Barb., 293; Clifford v. Dam, 44 N. Y. Sup. Ct., 391; Lentz v. Victor, 17 Cal., 274; Columbus Co. v. Dayton Co., 18 Cal., 615; Johnson v. Cuddington, 35 Ind., 43; Carter v. Wallace, 2 Tex., 206; Klais v. Pulford, 36 Wis., 587; Bliss Code Pl., 364.) An estoppel cannot be proved under general denial. (Pomeroy Rem., 712; Troyer v. Dyar, 102 Ind., 396; Aurora v. West, 7 Wall., 82; Stephen Pl., 353; 6 Wait's A. & D., 714; Gray v. Pingry, 17 Vt., 419; Parliman v. Young, 4 N. W., 139; Eikenberry v Edwards, 24 id., 570; Delphi v. Startzman, 3 N. E., 937; DeVotie v. McGerr, 24 Pac., 923; Gainor v. Clements, 26 id., 324; Ins. Co. v. Johnson, 27 id., 100; 3 Bl., 308; 1 Ency. Pl. & Pr., 851.)

Broadly stated, the law is, neither a non-suit, nor a direction of a verdict for the defendant, nor a demurrer to evidence is proper before the plaintiff has closed his case. (Mulhern v. R. R. Co., 2 Wyo., 465; Walker v. Supple, 54 Ga., 178; Bastian v. Phila., 180 Pa., 227; Nixon v. Brown, 4 Blackf., 158; Stern v. Frommer, 30 N. Y. Supp., 1067; Miller v. House, 63 Ia., 82; 18 N. W., 708; Metzgar v. Herman, 12 N. Y. Wk. Dig., 181; Hinchman v. Weeks, 85 Mich., 535; 48 N. W., 790; Morley v. Liverpool & Co., 85 Mich., 210; 48 N. W., 502; Field v. Clippert, 78 Mich., 26; 43 N. W., 1084; 2 Thomp. Trials, Sec. 2245; 6 Encyc. Pl. & Pr., 698.)

It is only upon an undisputed state of facts that the court may render the judgment or direct the verdict which the law requires without the aid or advice of the jury. (Richardson v. Boston, 19 How., 263; Railroad Co. v. Fraloff, 100 U. S., 27; Parks v. Ross, 11 How., 373; Schuchardt v. Allen, 1 Wall., 370; Elliott v. Ry. Co., 150 U. S., 245; Maas v. White, 37 Mich., 130; Ry. Co. v. Converse, 139 U. S., 469; Lockhart v. Wills, 50 Pac., 319; Kelley v. Ryes, 29 Pac., 144; O'Brian v. Miller, 25 Am. St. Rp., 320; Dickson v. Bristol, &c., Bk., 66 Am. St. Rp., 193; Anthony v. Wheeler, 17 Am. St. Rp., 281; Whitney, &c., v. Richmond, 37 Am.

St., 767; Fox v. Campbell, 30 Pac., 479; Hickman v. Cruise, 2 Am. St. Rp., 256; Claflin v. Rosenberg, 42 Mo., 439; Carter v. Olive Oil Co., 27 Am. St., 815; Lowe v. Salt Lake City, 57 Am. St., 708; Union Stock, &c., Co. v. Canoyer, 41 Am. St., 738.)

If there is a slight doubt about the facts, no matter how slight, the court should not settle it, but leave it to the jury. (Dwyer v. St. Louis, &c., Co., 52 Fed., 87; Hanger v. Chicago, &c., Co., 3 S. D., 394; Carter v. Chesapeake, &c., Co., 88 Va., 389; Fitzwater v. Stout, 16 Pa. St., 22; 6 Ency. Pl. & Pr., 683-686; Hickman v. Jones, 9 Wall., 197.)

*Hamm & Arnold* and *Beard & Ausherman,* for defendant in error.

There was no error in directing a verdict for defendant, for the reason that the petition did not state facts sufficient to constitute a cause of action. The fact that demurrer had been overruled did not prevent the direction of a verdict. (Brown v. Cunningham, 48 N. W., 1042; Marriott v. Clise, 12 Colo., 561; Carver v. Lind, 14 Pac., 697; Hall v. Linn (Colo.), 5 Pac., 641; Wood v. Nicolson (Kan.), 23 Pac., 587; Ball v. LaClair (Neb.), 22 N. W., 215; Bank v. Bank, 7 N. Y., 459; Donohue v. Hendrix (Neb.), 13 N. W., 215; McDougal v. McGuire, 35 Cal., 281; Trimble v. Doty, 16 O. St., 119.) The objection to the petition was not waived by saving an exception and answering. (Cases above cited; R. S., Sec. 3537.)

It may be that in stating his cause of action the plaintiff might have alleged that he was the owner of the ditch in question, and that he had procured from the State the right to the use of a certain amount of water transported therein without stating the acts done by him tending to prove such ownership and right; but he having elected to state the acts done by him which constitute or establish such ownership and right, without alleging either in terms, he must then allege *all* of the facts necessary to constitute such ownership and right.

To obtain a right to the use of water and to construct irrigating works under the law in force at the time stated (1893-4) a number of things were required: (1) An application to be filed with the State Engineer; (2) endorsement of State Engineer; (3) map to be furnished within six months; (4) proof of completion of work to the satisfaction of Board of Control; (5) a certificate from the Board of Control, the only competent evidence of such water right.

Plaintiff's proof could not be greater than his pleading, and if we regard every fact alleged on this point as fully proven, he would still be short at least three material elements to secure a water right, viz.: The furnishing of a map and proof of completion. The State Engineer could not grant an appropriation of water. That must be done by the board. (Secs. 35 and 36, Chap. 8, Session Laws 1890-1.)

"Under a general denial of the allegations in the complaint, a defendant may introduce any evidence which goes to controvert the facts which the plaintiff is bound to establish in order to sustain his action." (1 Ency. Pl. & Pr., 817, and cases cited.) Counsel for plaintiff has cited numerous cases to attempt to show that this contract is new matter, but has failed to cite any cases of consequence for the purpose of defining new matter. New matter is defined in some of the cases cited by counsel, but the definitions do not bear out his contention. On the other hand, these definitions all go to prove that the evidence here given was not new matter, but was legal evidence tending to disprove the allegations of the petition, and hence properly admitted. (1 Boone Code Pl., Sec. 66; Bliss Code Pl., Secs. 328-339; Iba. v. Central Asso., 5 Wyo., 355; 40 Pac., 527; Mauldin v. Ball, 1 Pac., 409.)

There is another branch to this case. The action was commenced by the plaintiff, claiming to be the owner of a certain water ditch and water right, and alleging that the defendant unlawfully diverted the water from said ditch, and praying for an injunction and damages. The allegations of the peti-

tion are denied, thus raising two issues, one the main or equitable issue to be tried by the court and the other an issue at law for damages. The two issues were tried together, and the court found for the defendant on the equitable issue and dissolved the temporary injunction.

This finding against the plaintiff on the main or equitable issue necessarily disposed of his case for damages. The ruling of the court upon the equitable issue and the finding of the court upon that issue and dissolving the injunction was not excepted to or made part of the plaintiff's motion for a new trial; this ruling not being questioned in plaintiff's motion for a new trial, became final as to the main or equitable issue in the case, and, therefore, could not be raised on appeal. No finding of facts nor conclusions of law were requested at the time the case was tried, and, therefore, the judgment of the District Court dissolving the injunction and finding for the defendant upon the equitable issue necessarily disposed of the whole case.

Had it been desirable to do so, the defendant could have asked that the equitable issues be first tried and disposed of before proceeding to try the question of damages. (N. P. Con. T. Co. v. Canal Co., 63 Pac., 812.)

KNIGHT, JUSTICE.

This suit was for damages and for permanent injunction, by plaintiff in error against defendant in error, for alleged wrongful diversion of plaintiff's water from his (plaintiff's) ditch, resulting in injury to his growing crops in the season of 1900. The petition, after alleging ownership of ditch and appropriation of water, sets out certain procedure which if met, or in case error had been predicated thereon, would require the consideration and possibly the construction of our laws as to the appropriation of water, but as no issue was raised except by the allegations and a general denial, and the defense having been based upon a contract of sale, we do not deem it necessary to enter into the consideration of the allegations as to appropriation, which may or may not have qualified the allegation of ownership, and we have not done so.

To the petition aforesaid a demurrer was interposed and overruled and an exception taken to said ruling, and this court has said in Mulhern v. Union Pacific Railroad Co., 2 Wyo., 446, in such a case *"prima facie* there was law to warrant the verdict of a jury, and the motion for a non-suit is based entirely on the sufficiency of evidence in all of its six grounds, a question in a jury trial purely for the jury to determine. If there be no evidence whatever for the jury to base a verdict on in favor of the plaintiff, let that be determined by the rules of law too well established to need more than their statement."

While the above case was upon the question of non-suit, and the question here is the directing of a verdict, many errors here complained of were carefully considered in that case, and will not be again decided here. After issue had been joined by a general denial, a jury was empaneled and several witnesses for and on behalf of the plaintiff were sworn, one of whom, the plaintiff, Frank A. Mau, was examined. After testifying substantially in accordance with the allegations in his petition, as is claimed by plaintiff in error, this witness was given to the defense for cross-examination, and after answering certain questions was asked to identify a certain contract in writing, to which he answered that the signature thereto purporting to have been made by him was so made. This evidence was given over the objection of said plaintiff and an exception was taken to the ruling; then it was and while the witness of plaintiff was still being cross-examined that defendant asked that the instrument referred to be admitted in evidence, which was done over the objection of plaintiff, to which ruling an exception was reserved. Then followed a redirect examination, a re-cross-examination and still another redirect examination, and said witness was apparently excused, for the time being at least, although the record shows that after the motion for a verdict was made "counsel on behalf of the plaintiff states that the testimony of Frank A. Mau is not yet all in."

Counsel for defendant interposed the following: "Motion

to Direct Verdict. Comes now the defendant, John W. Stoner, and moves the court at this time to direct the jury to return a verdict for the defendant in this action for the following reasons:

"First—It conclusively appears from the testimony of the plaintiff himself and from the written agreement, which the plaintiff admits he signed and executed, that the ditch and right to use of the water flowing therein is the joint property of the plaintiff and the defendant.

"Second—It conclusively appears from the testimony of the plaintiff himself that he has never completed any appropriation of water from Smith's Fork within the time limited by the State Engineer, and that more than two years have elapsed since the expiration of the time limited by the State Engineer for the completion of the appropriation of the water under the application of the plaintiff for an appropriation of water from Smith's Fork.

"Third—And that this action cannot be maintained, the statute of the State of Wyoming, Section 908, and following, providing a specific remedy for the determination of the rights of joint owners in an irrigating ditch, and that said remedy as provided in the statute is the exclusive remedy."

This motion was by the court sustained, and the jury were directed to and did return a verdict for defendant, to all of which the plaintiff in error objected and reserved an exception. Other irregularities and errors are claimed here and were called to the attention of the trial court in the motion for a new trial and bill of exceptions of plaintiff in error, but sufficient has been set out for the purpose of review. The error claimed that the contract admitted in evidence should have been pleaded comes within the rule as stated in Riner v. New Hampshire Fire Ins. Co., 60 Pacific, 262, and 64 Pacific, 1062, which as applied to this case would be, that where the allegation of ownership is material to the right of recovery under a general denial evidence to the contrary may be allowed. The more serious and as we find it a reversible error occurred in the direction

of a verdict for defendant before the case of plaintiff had been fully presented and closed, and after evidence for defendant had been irregularly received during the cross-examination of one of plaintiff's witnesses. A more striking illustration of the bad effect of such practice could not be made than this case, which is in direct opposition to Sec. 3644, Revised Statutes, and Mulhern v. Union Pacific Railroad Co. *supra.*

Admtiting for the purposes of this case that defendant might introduce and rely upon this contract without pleading it, still plaintiff would have the right, though admitting its execution, to prove that its terms had not been complied with by defendant; and he would have the right to do this by evidence in rebuttal. He is deprived of this right, and consequently of his right to a jury trial, by the peremptory instruction that was given. A verdict cannot be directed when there is any evidence tending to prove the plaintiff's case. It must be submitted to the jury. As to Section 908, the very fundamental point which makes that section applicable, viz., that they are joint owners of the ditch, is denied by the party bringing the suit, and the court could not find that it was a joint ownership until defendant had affirmatively shown that he had performed his part of the contract by enlarging the ditch.

Because of the errors herein pointed out, the judgment of the court below is reversed and the cause remanded.

*Reversed.*

POTTER, C. J., and CORN, J., concur.