WHITCHER *v.* DETROIT UNITED RAILWAY.

STREET RAILWAYS—CONTRIBUTORY NEGLIGENCE—TRIAL.
Upon testimony of plaintiff that he stopped, looked, and listened
    for a car before crossing defendant's track with his team and
    wagon, that he neither heard nor saw any car, that his vision
    was obstructed by a building at the corner preventing him
    from looking more than ten or twelve feet one way, that a
    car approached at a high rate of speed without signals being
    given and struck the wagon and injured him severely, it was
    error to direct a verdict for defendant on the ground of con-
    tributory negligence and to refuse to receive evidence as to
    rate of speed of the car, failure to ring the bell, and measure-
    ments of distance offered in plaintiff's behalf.

Error to Wayne; Codd, J. Submitted January 8,
1913. (Docket No. 27.) Decided March 20, 1913.

Case by Augustus F. Whitcher against the Detroit
United Railway for personal injuries. A judgment for
defendant on a verdict directed by the court is reviewed
by plaintiff on writ of error. Reversed.

*Washington I. Robinson* and *Clark C. Seeley*, for
appellant.

*Corliss, Leete & Joslyn* and *A. B. Hall*, for appellee.

MOORE, J. On the 8th of January, 1910, plaintiff was
driving a team of horses, attached to a large express
wagon, north on Beaubien street, in the city of Detroit.
It had rained early in the day, and later had frozen. The
streets were slippery. This was the first trip plaintiff had
made on this route. He testified that, as he approached
the corner of Beaubien and Clinton streets, he pulled up
his horses, and stopped, looked, and listened; that he heard
nothing; that he saw no cars after looking both ways;
that he was standing in the front part of his wagon, back

of the seat, and from where he stood he could see that the way was clear for a distance of 10 or 12 feet to the east of the building on the southeast corner of Clinton and Beaubien streets; that from where he stood in the wagon to the end of the pole was a distance of from 18 to 20 feet; that after stopping, looking, and listening he started his team slowly, and as he got near the track, the car rushed out of Clinton street and upon him; that the gong was not rung until the car was in the line of Beaubien street; that the car struck the wagon pole, throwing the wagon against the car, and the plaintiff against the side of the wagon and car; that he was severely hurt.

Upon completion of the direct examination of plaintiff, counsel for defendant moved the court to direct a verdict in favor of the defendant, which motion was granted over the objection of plaintiff's counsel. Plaintiff desired to produce additional testimony, by other witnesses, to show the speed at which the car was being run and certain measurements; that no gong was rung or warning given of the approach of the car; that plaintiff stopped, looked, and listened before he crossed the track. He offered the testimony of a witness who saw the entire collision, and such other testimony and matters which counsel for plaintiff considered essential for the purpose of preparing a record. The court refused to admit any testimony, except the measurements as to the width of Clinton street between the south rail of the street car track and the curbstone, and also the distance from the curbstone to the building on the southeast corner of Clinton and Beaubien streets. This testimony showed it was 8 feet from the car track to the curb, and 9 feet from the curb to the building. The judge then directed a verdict for the defendant. The case is brought here by writ of error.

We think the plaintiff should have been allowed to put in his testimony and make his record. See *Field* v. *Clippert*, 78 Mich. 26 (43 N. W. 1084); *Smalley* v. *McGraw*, 148 Mich. 384 (111 N. W. 1093, 112 N. W. 915); *Barto*

v. *Steel Co.*, 155 Mich. 94 (118 N. W. 738); *Haynes* v. *Maybury*, 166 Mich. 498 (131 N. W. 1110); *Minkstimas* v. *Pantlind*, 170 Mich. 468 (136 N. W. 377).

Judgment is reversed, and a new trial ordered.

STEERE, C. J., and MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.