## WILLIAMSON et al. v. HOLLAWAY.

No. 7885—Opinion Filed April 9, 1918.

(172 Pac. 44.)

1. Trial — Directed Verdict — Power of Court.

It is error for the trial court, of its own motion, to direct a verdict for the plaintiff before the defendant has rested his case.

2. Appeal and Error—Objection to Directed Verdict—Sufficiency.

Where the court directs a verdict for plaintiff before defendant has rested, and defendant excepts and objects because the case has not been concluded, the error is sufficiently saved. Defendant is not required to offer additional evidence to preserve his exception.

(Syllabus by Rummons, C.)

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action by Robert Holloway against David M. Williamson and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Burris & Burris, for plaintiffs in error.

Martin L. Frerichs, for defendant in error.

Opinion by RUMMONS, C. This action was commenced by the plaintiff against de-fendants to recover the sum of $1,315,43 upon a guardian's bond executed by David M. Williamson and his sureties. The defense pleaded was an accord and satisfaction entered into by the plaintiff and his guardian David M. Williamson after the plaintiff had reached his majority. Upon the trial the plaintiff offered his evidence and rested. The defendants offered several witnesses, the last of whom was the plaintiff. The last question asked this witness and answered by him and the further proceedings in this case as appears from the record are as follows:

"Q. Did he try to make a settlement? A. Yes, sir; I told him to turn this over, and he said well, didn't make any difference, it was not necessary at that time.

"By the Court: That will do. Gentlemen of the jury, this is a case wherein there was a guardian appointed for a minor, who was Robert Holloway. The guardian failed to perform his duties as by law required. The object of the law in giving these bonds is to hold the estate intact for the minor and to keep the guardian from squandering it. By virtue of the relationship and confidential relationship existing between the guardian and ward and by virtue of the relationship of the attorney and his clients, a confidential relationship exists, and the guardian and the attorney owe to the ward the duty to protect his interest and not destroy it. The testimony presents this case to me that the laws of this state establish these funds in the hands of the guardian. He took the oath to perform his duty in accordance with the law and account for all funds coming into his hands, and he did not do so, and his liability figures $1,315.43. He has been presuming to represent this negro boy, who hasn't got much sense, but he has to take an old negro woman and deeded 60 acres of land to relieve his bondsmen. Now that boy did not understand it that way. If you were to return a verdict contrary to that, I would set it aside, and I know you would not do it, and let's don't have any such methods of doing business like this. He gave a bond to the county court, and he must come right up and settle with the county court, and the bondsmen would be liable for the amount and I am going to instruct you men to return a verdict for the plaintiff.

"By Mr. Burris: To the instruction of the court the defendant excepts, which exception is duly allowed.

"By Mr. Burris: Comes now the defendants, and objects to the remarks of the court, for the reason that the case has not been concluded, and the defendants had no showing to make out a case. (Here the jury was instructed to return a verdict for the plaintiff, which is done by the jury.)

"By the Court: Judgment will be rendered upon the verdict for the amount sued for upon the bond, and when any amount is paid upon any one of the bonds, it shall be credited on the full amount of $1,315.43. The liability of each surety will be fixed in accordance with the bond, not to exceed the amount as fixed by the bond."

The defendants duly filed motion for a new trial, which being overruled, bring this proceeding in error to reverse the judgment of the court below.

The principal error complained of and the one which requires a reversal of the judgment in this cause is that the court instructed the jury to find for the plaintiff before the defendants closed their case. Section 5002, Rev. Laws 1910, provides an orderly method for the trial of all civil causes as follows:

"When the jury has been sworn, the trial shall proceed in the following order, unless the court for special reasons otherwise directs: First, the party on whom rests the burden of the issues may briefly state his case, and the evidence by which he expects to sustain it. Second. The adverse party may then briefly state his defense, and the evidence he expects to offer in support of it. Third. The party on whom rests the burden of the issues must first produce his evidence; after he has closed his evidence the adverse party may interpose and file a demurrer thereto, upon the ground that no cause of action or defense is proved. If the court shall sustain the demurrer, such judgment shall be rendered for the party demurring as the state of the pleadings or the proofs shall demand. If the demurrer be overruled, the adverse party will then produce his evidence. Fourth. The parties will then be confined to rebutting evidence unless the court, for good reasons in furtherance of justice, permits them to offer evidence in the original case. Fifth. When the evidence is concluded and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered, and signed by the party or his attorney asking the same, and delivered to the court. The court shall give general instruction to the jury, which shall be in writing, and be numbered, and signed by the judge, if required by either party. Sixth. When either party asks special instructions to be given to the jury, the court shall either give such instructions as requested, or positively refuse to do so; or give the instruction with modification in such manner that it shall distinctly appear what instructions were given in whole or part, and in like manner those refused, so that either party may except to the instructions as asked for, or as modified, or to the modification, or to the refusal. All instructions given by the court must be signed by the judge; and filed

together with those asked for by the parties as a part of the record. Seventh. After the instructions have been given to the jury the cause may be argued."

It is apparent that the trial court clearly overlooked the provisions of this section which are in line with the ordinary procedure in all code states.

To permit the trial court, upon his own motion, before both parties have rested their cause in the ordinary course of trial, without the presenting of a demurrer to the evidence or an objection to the sufficiency of the petition, to stop the progress of the cause and instruct the jury for either party would make the administration of justice a travvesity. Though either party may have failed to make his case at any time in the progress of the trial the court cannot presume that he will not or cannot produce additional testimony which will tend to establish his case.

In the case of Franch v. National Laundry Co., 31 App. D. C. 105, the plaintiff brought an action against the laundry company to recover for personal injuries when in its employ. The plaintiff was the first witness examined in her own behalf. When the cross-examination was concluded she was dismissed from the witness stand. The court on its own motion instructed the jury to return a verdict for the defendant, and Mr. Justice Van Orsdel, who delivered the opinion of the court, says:

"The chief question before us is whether or not the trial court erred in thus summarily disposing of the case. We are clearly of the opinion that this was error. The rule to be applied to the action of the court in this case is absolute, and will admit of no exception. The strict rule applied where the court peremptorily instructs a verdict, either when plaintiff rests its case in chief, or when all the evidence, both of plaintiff and of defendant, has been submitted, has no application here. Plaintiff had not rested her case. The record is silent as to whether or not she had further evidence to offer. The fact remains that she had not rested, and, until she did, she had the manifest right to offer additional evidence in support of her declaration. The action of the court in instructing the jury to return a verdict for the defendant, under the circumstances here disclosed, would constitute error in any case. Plaintiff was not bound to establish her case by her own evidence, or by a particular number of witnesses. The record discloses that others were present when the accident occurred, and it is fair to presume that plaintiff had other witnesses to offer in support of her declaration. The testimony of the persons present, it is reasonable to assume, would

have thrown much light upon the case. Every presumption must be resolved against the court, when it assumes to deprive a litigant of the right to produce competent witness as in support of a declaration, which, if proved, would justify a recovery."

In the case of Miller et al. v. House er al., 63 Iowa, 82, 18 N. W. 708, the court says:

"Where plaintiffs were suing upon a promissory note, and they offered in evidence part of a deposition taken by defendants, but, on defendants' motion, they were required to read the whole deposition, which tended to show that plaintiffs had no title to the note in question, it was error for the court, at that stage of the trial, and before plaintiffs had rested their case, to order a verdict for defendants, without allowing plaintiffs to introduce other evidence to establish their title to the note."

In the case of Field et al. v. Clippert, 78 Mich. 26, 43 N. W. 1084, the court says:

"Directing a verdict for the defendant in a replevin suit before either of the parties has rested, and while the case was in the hands of the defense, and the plaintiffs stated that they desired to offer further testimony, among which was the appraisal of the property, is error, calling for a reversal."

In Crown Point Min. Co. v. Buck, 97 Fed. 462, 38 C. C. A. 278, the court says:

"It is error to stop the trial of a case, and direct a verdict, before competent evidence offered upon material issues has been received." Mau v. Stoner, 10 Wyo. 125, 67 Pac. 618.

It is clear under the foregoing authorities and section 5002, Rev. Laws 1910, that the trial court transcended its authority and thereby deprived the defendants of a substantial right.

The only contention made against this assignment of error by the trial court for the plaintiff is that the defendants did not properly save their exceptions thereto in the trial court. It is urged that they did not offer to produce any other witnesses or introduce other additional testimony. We cannot agree with this contention of the plaintiff. When counsel for the defendants excepted to the instructions of the court and objected to the remarks of the court, because the case had not been concluded, that the defendants had no showing to make out a case, the court was certainly advised of the objection to the procedure taken by the defendants. The court thereupon, as the record discloses, without ruling upon the objection to the remarks of the court, instructed the jury to return a verdict for the plaintiff, which was done.

We think counsel for defendants sufficiently saved their exceptions. For them to have offered new witnesses or offered to introduce additional testimony after the remarks of the court would possibly have caused a wrangle between counsel and the court, and might have subjected counsel to punishment for contempt. It is well established that counsel are not required to continuously and repeatedly present the same objection after it has been passed upon by the court.

The judgment of the trial court should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.